52  566
54  240
58  331
59  558
52  566
70  250
52  566
89  356
52  566
100  524
52  566
116  3
52  566
f136 ² 85
52  566
138  ²622
52  566
148  ²306
52  566
156  ²239

### The People v. Henry Blake.

*Sunday liquor-selling—Identification—Agency.*

1. In a prosecution for keeping a saloon open on Sunday, testimony that respondent kept the saloon in question, and that the witness knew him tends to identify the respondent as the proprietor of the saloon.

2. Where a saloon-keeper is prosecuted for violating the law which requires all saloons to be closed on Sunday, the respondent's intent in allowing his saloon to be open is immaterial, even if the opening was the act of his bar-tender and without his knowledge or express authority.

Error to Ottawa. (Mills, J.)  Jan. 30.—Feb. 6.

Complaint for keeping saloon open on Sunday. Conviction affirmed.

Attorney General *Jacob J. Van Riper* for the People.

*S. L. Lowing* for respondent.

SHERWOOD, J.   The respondent was charged in the complaint and warrant in this case with keeping his saloon open on Sunday, the 15th day of October, 1882, at the city of Grand Haven, and upon a trial thereof before a justice of the peace was convicted.   Upon certiorari to the circuit court for Ottawa county, the judgment of the justice was affirmed and the respondent brings the case here by writ of error.

The first and second errors alleged are that there was no testimony tending to show Blake was proprietor of the saloon or responsible for its being open on the Sunday stated, or that he authorized or sanctioned the opening of the saloon by the bartender.   The third error alleged does no more than affirm the statement made in the first two, and may be considered with them.

The record contains all the testimony, from which it appears one J. O'Brien was sworn and testified that he had known the respondent a year and over, and that he kept a saloon for the sale of liquor at the place stated in the complaint and warrant; that he was at the same on the Sunday mentioned in the warrant in the forenoon and saw the bartender there behind the bar, and witness bought some whisky there of him; that he went into the saloon with another man and had no trouble getting in; stood there about ten minutes; that Blake kept the saloon; "the door was locked, but the bar-tender let us in; we went in and out by the side door."

John Vogel also testified that he knew Blake and his place of business on the day named, and that he kept a saloon; that he had been in his place several times; he could not be certain about the day, but thinks he got a glass of liquor there that morning; another man was with him.

I think enough appears in the foregoing statements to sustain the conclusion of the justice that Blake kept the saloon and it was open on the day charged.   But aside from

this testimony it is admitted by respondent that parties were admitted into the saloon on that day by the bar-tender. We think the justice was correct in his rulings upon this branch of the case.

The remaining three alleged errors relate to the authority from defendant to the barkeeper to do the unlawful act complained of. The law sought to be applied in this case is a wholesome regulation, found necessary to be made under the police power of the State, in order to preserve the peace and quiet of the community where saloons are located and the orderly conduct of such persons on the Sabbath as are in the habit of frequenting such places,—and requires such construction, if it can be done, and keep within its letter or spirit, as will enable courts to apply it in such manner as to secure the beneficial results intended by the law-making power. And I can see no difficulty in making the desired application in this case.

It is the keeping open such places on Sunday that the statute prohibits. Sunday is not a day for lawful secular labor, or business of any kind, and it is not only the duty of the respondent in this case to keep his saloon closed on that day but to see to it that it is not opened by others in his employ while the same is under his control. Chief Justice Cooley has fully expressed my views upon this subject, and upon the proper scope and application of the statute, in *People v. Roby* (post p. 577) at the present term of this Court.

And I also agree with Mr. Justice Marston, in the case of *People v. Broughton* 49 Mich. 339, that "the question of intent is wholly immaterial under the statute. The Legislature, in order to guard against the danger of sales being made, has directed that the place where liquors are kept shall be closed, so that no opportunity to violate by making sales shall be afforded. The person who engages in the business of carrying on a saloon must, at his peril, see that no necessity exists for keeping the same open by carrying on any other business therein which would require the doors to be open, or for persons to enter therein."

There can be no question under the testimony in this case but that the bartender had the right and authority both to be in the saloon of defendant and go in and out at his pleasure on the Sunday in question, and remain as long as he pleased, and being thus in there his business gave him the control of the saloon and its general management. He was in the employ of the defendant; his business was to sell the liquor and as much of it as he could. Under such circumstances and the evidence in this case, to say his action was unauthorized by his employer, or at least prima facie so, would be doing violence to the experience of the most common understanding among men.

I quite agree with the magistrate who convicted this defendant, when he said "There is evidence tending to show that the defendant authorized and sanctioned the opening of said saloon on that Sunday," and it appears that Judge Mills, presiding in the Ottawa circuit when the case was heard, took the same view of the case as is here presented, and affirmed the judgment of the justice.

I think his judgment was correct and should be affirmed with costs.

Cooley, C. J. and Champlin, J. concurred.

Campbell, J. I have given my reasons for a different view in *People v. Roby*, post, p. 577.