## The People v. Henry Blake.

### Jurisdiction to execute sentence.

1. A case removed to a court of record for review becomes subject to its rules of practice; and the party removing it cannot take advantage of delays necessarily incident to the operation of those rules to contest, on that ground, the jurisdiction to proceed.

2. A person sentenced by a justice to ten days' imprisonment removed his case by certiorari and afterwards obtained a stay of proceedings in order to take out a writ of error. The conviction was affirmed and the case remanded, after which the period of imprisonment ran four times before the sentence could be carried out. *Held*, that this did not divest the jurisdiction to put it into execution. '

3. The judgment to be enforced on its affirmance upon certiorari to a justice is that of the justice himself; the statutory provision that when it is affirmed the circuit court shall order it to be executed, does not preclude such delays as may be necessary to take the case to the Supreme Court; nor do such delays divest jurisdiction to enforce it on final affirmance.

Error and certiorari to Ottawa. (Arnold, J.) June 19.

Complaint for violation of liquor law. Conviction affirmed.

Attorney General *Van Riper* for the People.

*George C. Stewart* for respondent.

CAMPBELL, J. Respondent was convicted before a justice, and sentenced to pay a fine and be imprisoned for ten days.

He removed this to the circuit court for the county of Ottawa, where that court entered an order of affirmance, and granted a stay of proceedings on his request to enable him to bring error, which he did. This Court affirmed the judgment, and the case was remanded. [52 Mich. 566.] On the first day of the next term at the circuit, the prosecuting attorney moved for sentence, and after hearing· objections the court ordered respondent to be remanded to the county jail for the period fixed in the justice's judgment, and subsequently granted another stay to enable him to come to this Court again to object to this sentence. His claim is that the judgment of affirmance in the circuit court on the certiorari was illegal, because not including a sentence of remand; that the stay of proceedings then granted ran out when the remittitur from this Court was filed, in February 1884; and that more than forty days had since expired.

As it appears that the respondent was represented by counsel, and actually opposed the entry of sentence, we do not comprehend the suggestion that the motion was made ex parte.

The objections appear to us frivolous. As declared in *People v. Hobson* 48 Mich. 30, the justice's judgment, when affirmed, is the one which is to be enforced. The statute provides that when it is affirmed the circuit court shall order the sentence to be executed. But this cannot preclude that court from such delays as the party may desire, to provide for appellate proceedings to this Court; neither does it put such judgments of affirmance on any worse footing than other convictions, as to the time of execution, so as to deprive that court of jurisdiction by temporary delay. When a convicted person procures the removal of his cause into a court of record, he comes under the practice rules of that court, and cannot invoke delays of his own procurement to get rid of that jurisdiction.

When the case went back from this Court, it went back affirmed as to the very circuit court order which is now claimed to have been illegal on grounds which would have been as good then as now. After the cause was remanded the cir-

cuit court had power, and it was its duty, to proceed to order the justice's judgment to be carried out; and its action was correct, and must be

Affirmed with costs.

The other Justices concurred.