# CHARLESTON.

## STATE v. DENOON.

Submitted January 12, 1888.—Decided February 25, 1888.

SELLING SPIRITUOUS LIQUORS—AGENT.

When a druggist has spirituous liquors in his store, and a sale thereof is made in violation of the statute (chapter 107, Acts 1877) by his clerk, he will be responsible for the sale, and may be fined therefor, notwithstanding the sale may have been without his knowledge and contrary to his instructions to his clerk.

*J. H. Riley* and *N. C. Prickett* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

SNYDER, JUDGE:

At the March term, 1886, John Denoon was indicted in the Circuit Court of Jackson county for selling spirituous liquors in September, 1885, without having a State license therefor as required by law. There was a demurrer to the indictment, which was overruled by the court. No objection is urged here against the indictment, and as I can discover no substantial defect in it, we hold the demurrer was rightly overruled. The case was tried on the plea of not guilty; defendant found guilty, and the court gave judgment against him for a fine of $10 and costs. The defendant then moved the court to set aside the judgment and grant him a new trial, which motion the court overruled. The defendant excepted, and at his instance the court certified the facts proved, which are as follows: "The State proved that within one year next preceding the date of the finding of the indictment the prosecuting witness purchased in a drug store in Ravenswood in said county, kept by John W. Denoon, defendant, and Isaac Denoon, known as 'Denoon Drug Store,' one-half pint of spirituous liquors, and paid therefor; that the purchase was made of a clerk in said drug store. The defendant, to maintain the issue on his part, proved by the defendant himself that he, the defendant, did not make the sale, and that the sale, if made, was made without the knowledge or consent of the said defendant, and that it was against his express orders and directions to make such sale, or any sale contrary to law; which was all the evidence introduced or heard by the court." The only question in this case is, whether or not, according to the facts thus proved, the defendant is guilty under our statute prohibiting the sale of spirituous liquors without having a license to do so. The statute is absolute and unconditional. Its language is that "no person without a State license therefor shall * * * sell, offer, or expose for sale, spirituous liquors, wine, porter, ale, or beer, or any drink of a like nature." Section 1, ch. 107, Acts 1877 (same as section 1, ch. 32, Code 1887.) It is claimed, however, by the

defendant that as the sale here is shown to have been made, not by him but by his clerk, without his knowledge and contrary to his directions, he was wholly innocent of any wrong intent or purpose to violate the law, and therefore innocent of any offence. In support of this claim he cites and relies upon *Anderson* v. *State*, 22 Ohio St. 305; 1 Bish. Crim. Law § 219; 3 Lawson Crim. Def. 200, 217, 267–279, and cases there cited. These authorities seem to sustain the position of the defendant; but, on the other hand, the authorities are numerous to the effect that when statutes prohibit or command an act to be done without qualification, in such cases ignorance or mistake of fact will not excuse their violation. This is peculiarly the case in regard to statutes respecting revenue and police matters, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted; for the law in these cases seems to bind the party to know the facts and to obey the law at his peril. Many of the cases sustaining this view will be found annotated in a note to *Farrell* v. *State*, 30 Amer. Rep. 617, and the result there deduced from the cases is stated thus: "*First*, when to an offence knowledge of certain facts is essential, then ignorance of these facts is a defence; *second*, when a statute makes an act indictable, irrespective of guilty knowledge, then ignorance of fact is no defence." *Com.* v. *Emmons*, 98 Mass. 6; *Halsted* v. *State*, 41 N. J. Law 552; *State* v. *Hartfiel*, 24 Wis. 60. I deem it unnecessary to express any opinion as to the weight of authority on this subject in other States, because I consider the law of the case at bar plain under our statutes and the former rulings of this Court. In addition to the provision above quoted we have as a part of the same statute the following provisions: "A sale of any such liquors or drink by one person for another shall in any prosecution for such sale be taken and deemed as a sale by both, and both may be indicted and fined therefor, either jointly or separately." Section 13, ch. 107, Acts 1877. And section 44 of same act declares "the provisions of this chapter shall in all cases be construed as remedial and not penal." Same as section 49, ch. 32, Code 1887. In an indictment for selling intoxicating liquor to a minor under a statute which declared "it shall be unlawful

for any person by agent or otherwise to sell intoxicating liquors to minors, unless upon the written order of their parents," this Court decided that it was not necessary to prove that the person who sold liquor to a minor knew at the time of the sale that the purchaser was a minor. *State* v. *Cain*, 9 W. Va. 559. In that case the Court expressly holds that the statute must be construed as remedial. And in respect to motive or intent it says : "As to whether the seller intended to violate the law or not at the time of selling to the minor is, under the authorities cited, immaterial, except in mitigation of the punishment." Id. 576. And in reference to offences of a different character and the decisions of other States, Haymond, Judge, in delivering the opinion of the Court, on page 578, says: "It is true that with us in felonies and most cases of misdemeanor under the common law, intent is regarded as being one of the chief elements necessary to constitute the crime or offence, but under this statute the commission of the act prohibited constitutes the offence. This is manifest, I think, from the legislation to which I have referred. I am aware that the highest courts of several of the States have differed in the construction of similar legislation. Some of them have taken the view I have presented, and others a different view. But I apprehend, if the courts of the States adopting a different view from that I have taken had considered their legislation such as required them to construe the legislation as remedial and not penal, they would have arrived at the same conclusion I have felt myself bound to adopt in this case." It is not questioned in this case that the liquor sold was the property of the defendant, that the clerk who sold it was the agent of the defendant, and as such authorized to sell the liquor according to law. Nor is it pretended that the defendant did not get the money paid for the liquor. It must be assumed, therefore, that the sale was made, in the language of the statute, "by one person for another;" that is, it was made by the clerk for the defendant; and consequently, by the positive command of the statute, both the clerk and the defendant are guilty of the offence, and they may be indicted and punished either jointly or separately.

It is wholly immaterial, under the positive prohibition

and policy of the statute, what the instructions were from the defendant to his clerk, or that the sale was in violation of his instructions. Neither the motives nor the intent of the defendant, nor his purpose to obey the law, can relieve him, when it is shown that a sale in violation of the statute was actually and purposely made either by himself or by another for him. The clerk knew he was selling the liquor, and the proof shows that he was selling it as the agent and for the defendant. If the purpose had been to sell a wholly different thing from that which was in fact sold, an article the sale of which was not prohibited, then the motive and intent might be material. For instance, if the clerk or even the defendant himself had intended and actually believed at the time that he was selling coal-oil, and with that intent and under that belief had by mistake delivered to the purchaser spirituous liquor, then such honest mistake of fact would no doubt excuse the sale and relieve him from the penalty of the statute. But if he knew at the time that he was selling liquor, his ignorance of the fact that the sale in the particular case was a violation of the statute, and the most positive evidence that he did not intend to violate the law, would not excuse the sale or relieve him from the prescribed penalty. And a sale by his agent under such circumstances will be held to be a sale by the defendant, although the fact be that the sale was without the knowledge and contrary to the instructions of the defendant. The authorities on this subject are numerous, among which are the following: 1 Whart. Crim. Law § 247; *Com.* v. *Kelley,* 140 Mass. 441, 5 N. E. Rep. 834; *Dudley* v. *Sautbine,* 49 Iowa 650; *People* v. *Blake,* 52 Mich. 566, 18 N. W. Rep. 360; *Faircloth* v. *State,* 73 Ga. 426; *Riley* v. *State,* 43 Miss. 397; *Rex* v. *Gutch,* 1 Moody & M. 437; *Noecker* v. *People,* 91 Ill. 494.

For the foregoing reasons, I am of opinion that there is no error in the judgment of the Circuit Court, and that the same must be affirmed.

AFFIRMED.