# WHEELING.

## STATE v. FARR.

Submitted June 20, 1890.—Decided June 25, 1890.

SPIRITUOUS LIQUORS—SALES TO DRUNKARD.

To make a saloon-keeper liable to punishment under the provisions of section 16, c. 32, Code, for selling spirituous liquors to a person in the habit of drinking to intoxication, it is not necessary that he should know or have reason to believe, that such person is in the habit of drinking to intoxication.

*Attorney-General Alfred Caldwell* for the State cited: 31 W. Va. 122; 9 W. Va. 559; 28 W. Va. 497; 9 W. Va. 641; 47 Ark. 109; 63 Md. 551; 138 Mass. 492; Id. 511; 88 Ind. 145; 23 Minn. 549; 35 Mo. App. 475; 57 Conn. 173; 12 Ill. App. 200; 36 Ark. 58; 37 Ark. 108; Id. 399; 27 Minn. 153; 92 Ill. 400; 49 Ia. 650; 43 Ia. 282; 6 Bush. 400; 24 Wis. 60; 69 Ill. 523; 77 Ill. 322; 69 Ill. 601; 50 Ind. 22.

*Z. T. Vinson* for defendant in error.

*L. D. Isbell* of counsel for defendant in error, cited 9 W. Va. 559; Id. 641; Acts 1887, c. 29 s. 16.

SNYDER, PRESIDENT:

Indictment in the Circuit Court of Cabell county against J. S. Farr, for a misdemeanor. The case was tried by jury, and a verdict and judgment rendered for the defendant; and the State brought this writ of error. The indictment charged that the defendant having a state license to sell spirituous liquors at his saloon in the city of Huntington "unlawfully and knowingly did at his said saloon sell and give such spirituous liquors  *  *  *  to one Millard Lallance, he, the said Lallance, then and there being in the habit of drinking to intoxication; and he, the said Farr, then and there had reason to believe and well knew, that said Lallance was then and there in the habit of drinking to intoxication," *etc.*

The State proved that the defendant at his saloon in the

city of Huntington within one year before the finding of said indictment did sell to said Millard Lallance two drinks of whisky on two different days, and also proved that said Lallance was at that time a person who was in the habit of drinking to intoxication, and had been of such habit for at least two years prior to the finding of said indictment.

The defendant then proved that he did not know, at the times he sold said whisky to said Lallance, that he was a person who was in the habit of drinking to intoxication; that he had no cause to believe him to be such person; that he (said Farr) had lived in said city only a short time before said sales, and knew but few of its people, and was not acquainted with said Lallance.

The State asked the court to instruct the jury, in substance, that, if they believed the defendant had sold whisky to Lallance, as set out in the evidence, and that said Lallance was a person who was in the habit of drinking to intoxication, "then the jury should find the defendant guilty, although they may further find from the evidence that the defendant did not know at the time that said Lallance was a person who was in the habit of drinking to intoxication, and had no cause to so believe." The court refused to give this instruction, and the State excepted.

The only question presented for the decision of this Court is whether or not under the provisions of our statute a licensed liquor-seller or saloon-keeper is guilty and liable to punishment, where he sells spirituous liquor to a person in the habit of drinking to intoxication, even though he does not know and has no reason to believe, that such person has such habit. The language of the statute is as follows: "If any person having a state license to sell spirituous liquors * * * shall sell or give any such liquors or drinks to any minor or person of unsound mind, or to any person who is intoxicated at the time, or who is in the habit of drinking to intoxication, or if he permits any person to drink to intoxication, when he knows or has reason to believe such person is a minor, or of unsound mind, or is intoxicated, or is in the habit of drinking to intoxication, on any premises under his control, * * * he shall be fined," *etc.* Section 16, c. 32, Code 1887.

The law is well settled in this State and elsewhere, that, where a statute commands an act to be done or omitted, which in the absence of such statute might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation. *State* v. *Cain*, 9 W. Va. 559; *State* v. *Denoon*, 31 W. Va. 122 (5 S. E. Rep. 315); *Barnes* v. *State*, 19 Conn. 398; 3 Green. Ev. § 21.

The statute under consideration contains two separate classes of offences. The first relates to sales of liquors or drinks to minors, persons of unsound mind, and those intoxicated at the time or in the habit of drinking to intoxication; and the second relates to permitting any such persons to drink on any premises controlled by the seller. The words "where he knows, or has reason to believe," qualify the second class only, and not the first. Hence, it is entirely immaterial in the case of a sale of liquor such as the one at bar, whether or not the seller knows or has reason to believe the person to whom the sale is made is a minor, person of unsound mind, intoxicated, or in the habit of drinking to intoxication; for, whether he knows or not, he is guilty of a violation of that provision of the statute. But, in order to constitute the offence of permitting any such person to drink on his premises, he must do so knowing or having reason to believe the person belongs to the excluded class of persons. This construction is necessary to give any effect or force to the action of the legislature in amending section 12, c. 107, Acts 1877, as was done by this statute in 1887.

It follows, therefore, that the court erred in refusing the instruction asked by the State; and for this error the judgment must be reversed, the verdict of the jury set aside, and a new trial awarded.

REVERSED. REMANDED.