83   355·
110   492

## The People v. Patrick J. Sullivan.

*Criminal law—Liquor traffic—Information—Amendment.*

1. It is not necessary, in an information for keeping a saloon open contrary to the statute, to state that the respondent is not a druggist, the *name* in such a case distinguishing the *place;* citing *People v. Robbins,* 70 Mich. 130.

2. A complaint and warrant properly charged the respondent with the offense of keeping his saloon open contrary to the provisions of section 17 of Act No. 313, Laws of 1887.   He waived an examination, and on the trial at the circuit the information was objected to for failing to allege that the respondent was not a druggist, or that the place kept open was not a drugstore, which negative averments were in the complaint and warrant, and the court allowed the information to be amended by inserting them therein.   And it is held that the amendment was properly allowed, if one was at all necessary.

Exceptions before judgment from Chippewa.   (Steere, J.)   Submitted on briefs November 13, 1890.   Decided November 21, 1890.

Respondent was convicted of keeping his saloon open after legal hours. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*C. W. Dunton (McMahon & Yerkes,* of counsel), for respondent.

*B. W. Huston,* Attorney General, and *John H. Goff,* Prosecuting Attorney, for the people.

LONG, J. Respondent was complained against in justice's court for keeping his saloon, in the city of Sault Ste. Marie, open after legal hours, on October 1, 1889. He waived examination, and the cause was returned to the circuit court for Chippewa county for trial. An information was filed against him, which did not allege that the defendant was not a druggist, or that the place kept open was not a drug-store. After a jury was impaneled to try the cause, the court permitted the prosecution to amend the information by stating that—

" He, the said Patrick J. Sullivan, not being then and there a druggist who sells liquors for chemical, mechanical, scientific, sacramental, or medicinal purposes only, and in strict compliance with law, and the said saloon not being then and there a drug-store," etc.

Respondent was convicted, and removed the cause to this Court, upon exceptions before sentence.

It is contended by respondent that the court was in error in allowing the amendment, for the reason that the information first filed stated no offense. The court properly allowed the amendment, if the amendment was at all necessary. The information, as amended, followed the form of the complaint made before the justice. It is not contended but that the complaint charged an offense, under the provisions of section 17, Act No. 313, Laws of 1887 (3 How. Stat. § 2283e). This offense stated in the com-

plaint and warrant was the offense charged against him before the justice, and upon which he waived his examination.

It is contended that the first information did not allege any offense, and that therefore, the court having allowed an amendment which did charge an offense, the conviction was erroneous, for the reason that the defendant did not plead to the amended information. We are unable to agree with counsel for the respondent in their contention that the first information was defective. The question is fully settled in *People v. Robbins*, 70 Mich. 132. It was there said that—

"It is not necessary, in a complaint against a person for keeping a saloon open contrary to the statute, to state that such person is not a druggist. The name in such case distinguishes the place, and it is a violation of the law to keep a saloon open on week-days after nine o'clock, whether any liquor is sold therein or not."

We find no error in the record, and the court below is advised to proceed to judgment on the verdict.

The other Justices concurred.