## W. W. MILLER v. THE STATE.

SALE OF LIQUORS.    *Opening bar on Sunday.    Code* 1880, § 2953.    *Case.*

The owner of a saloon cannot be convicted under code 1880, § 2953, making it unlawful " to keep open the bar . . . . on Sunday," by evidence merely that his clerk, being in the saloon on Sunday, responded to a knock on the door, and admitted a constable who was searching for a person, although others followed him into the saloon, it being shown that when the person was not found the crowd at once withdrew, and that no liquor was dispensed.    There was no violation of the spirit of the statute.

From the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

The appellant, a licensed retailer in the town of Hollandale, was convicted upon an indictment charging him with keeping open his bar on Sunday in violation of § 2953, code 1880, and was fined $25.    The evidence in behalf of the state, which with that set out in the opinion is the whole case against appellant, is as follows :—

A fight had occurred on Sunday in that village, and the participants were arrested by a police officer, and one of them expressed a wish to see a friend, who, it was thought, would become surety on his appearance bond.    The officer was informed that the friend was probably in appellant's saloon, and with his prisoners, and accompanied by a crowd from the street, went to the saloon, whereupon the occurrence took place as stated in the opinion.

The instructions given for the state were to the effect that the saloon was being kept open, within the meaning of the statute, if appellant's clerk was inside to open it and allow persons to enter and go out at their pleasure.    By modifications engrafted on instructions asked by defendant, the jury was told that, under the law, it was defendant's duty to keep his saloon so closed on Sunday that persons could not enter it.

*D. C. Wasson,* for appellant.

The court incorrectly charged as to what amounted to keeping open the bar within the meaning of the law.    It was necessary to show that there was a keeping open for some unlawful purpose or

some act that showed a subterfuge or evasion of the law. It was necessary that some act be done intended to induce others to believe they could enter the saloon. Here an officer on official business demanded entrance. It was the duty of the occupant to open the door, and no violation of law can be found in his conduct. Under the instructions, it would be a violation of law to open the door and allow any one to enter for any purpose. I submit under the evidence the case against appellant is frivolous.

*T. M. Miller*, attorney-general, for the state.

There is no dispute about the fact that persons were allowed access to Miller's saloon on the Sunday in question. A large crowd was permitted to enter, and when they entered they found another than the bar-tender in the saloon. It was not necessary to show that the liquor was sold or exposed for sale at the time. It was sufficient to show that the place was not kept closed. *Elkin* v. *State*, 63 Miss. 129.

WOODS, C. J., delivered the opinion of the court.

The statute, code 1880, § 2953, on which the indictment in this case was framed, makes it unlawful " to keep open the bar, or place where such liquors are sold, or to sell any such liquors," on Sunday. The offense here charged was the keeping open the bar.

The statute was designed to prevent sales of liquors by retail dealers on Sunday, and to prevent access to the place where the liquors were kept for ordinary sale. To not keep open the bar is equivalent to keeping it closed. But was it the purpose of the law makers to require the place where liquors are sold to be closed absolutely, under all circumstances, against all persons, even the proprietor and his employés, and against the officers of the law properly demanding admission? That would be a compliance with the very letter of the law. But in human jurisprudence, as in the divine, " the letter killeth : the spirit giveth life." The spirit of the law requires bars closed in such manner, and to such extent, as will prevent usual and ordinary access to them. But this will not forbid the proprietor going into his place of business, although he

open the door of the bar to do so; nor would it justify the proprietor, or his servant, in refusing to open, to permit an officer to enter to execute his office; nor would a bar-keeper be chargeable with criminality in thus momentarily opening his door in other cases-readily conceivable.

It is not contended for the state that the bar of defendant was opened with the purpose or intent of giving the constable and his prisoner, or those who idly entered after them, access to the place where the liquors were sold. The door was closed and fastened on the inside when the officer knocked; and it was opened in response to his request, for the sole purpose of permitting him to see if a certain person, desired by the prisoner as security on an appearance bond, was inside the house. When the officer ascertained that the person sought was not in the room, all those who had entered instantly retired.

This was the only evidence of the keeping open of the bar, as charged in the indictment, and was insufficient to justify the conviction.

It is unnecessary to pass upon the many other questions, thought by appellant's counsel to be involved, in view of the foregoing opinion on the point considered.

*Reversed and remanded.*