# REPORTS OF DECISIONS

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

## FALL-SPECIAL TERM, 1892.

### CHARLESTON.

#### STATE *v.* BAER.

Submitted June 11, 1892.—Decided November 19, 1892.

.37  1<br>f61  332

INTOXICATING LIQUORS—MINORS—INDICTMENT.
> To make a licensed seller of liquors liable under section 16, c. 32, Code 1887, for selling to a minor, it is not necessary to aver in the indictment that he knew or had reason to believe the person to be a minor.

*C. W. Dailey* for plaintiff in error.

Attorney-General *Alfred Caldwell* for the State.

I.—*Construction of s. 16, c. 32 of the Code* (1887).—34 W.

Va. 84; Suth. Stat. Con. § 46, n. 4; 41 Kan. 200; 26 Kan. 731.

II.—*Journals are records and can not be attacked by oral evidence.*—Suth. Stat. Con. § 44; 77 Ill. 12; 32 Ark. 496; Cool. Con. Lim. 135; 71 Mo. 266; 98 Ill. 156; 5 Col. 525; 28 Kan. 243; 55 Mich. 94.

BRANNON, JUDGE:

The question in this case is whether an indictment under section 16, c. 32, of the Code (Ed. 1887) against a licensed liquor-seller for selling to a minor should aver that the defendant knew or had reason to believe the person to be a minor.

The case of *State* v. *Farr*, 34 W. Va. 84 (11 S. E. Rep. 737) construes this section, and under it such averment is unnecessary, as a sale to a minor would be an offence, whether the seller knew or had reason to know of his minority or not. To alter the construction there given we must materially change the collocation of the words of the statute from that appearing in the statute as published by authority. Such transposition should not be made, unless called for very plainly. We should not overrule our former decision, unless we can give clear and cogent reasons for the change. Confessedly the statute is obscure somewhat; but, if we were to depart from our former decision, the reasoning to support it would be no more satisfactory and free from doubt than the reasoning of the former decision, if that be at all open to question.

We shall therefore adhere to the former adjudication, and especially so, as, since the decision was rendered, the legislature has amended the section, so that we are led to believe the question is no longer of great importance, as but few cases are dependent upon it. We see no strong reason for reviewing or rediscussing the question.

Judgment fining the defendant is affirmed.

AFFIRMED.