PEOPLE *v.* TAYLOR.

1. INTOXICATING LIQUORS — KEEPING SALOON OPEN ON SUNDAY— SUFFICIENCY OF INFORMATION.

An information for keeping a saloon open on Sunday, in violation of 3 How. Stat. § 2283*e*, providing that "all saloons, restaurants, bars, in taverns or elsewhere, and all other places, except drug stores, where any of the liquors mentioned" in the act are sold, shall be closed on that day, is not required to state that the saloon was not a drug store.

2. SAME—DEFENSES—OVERRULING NECESSITY.

A saloonkeeper charged with opening his saloon on Sunday cannot justify on the ground of overruling necessity, in that his father was taken suddenly ill in the vicinity of the saloon, and had to be immediately cared for, where it appears that there were drug stores equally convenient of access, and that a number of customers were admitted to the saloon while so open.

Error to recorder's court of Detroit; Chapin, J. Submitted April 30, 1896. Decided July 31, 1896.

Thomas Taylor was convicted of keeping his saloon open on Sunday. Affirmed.

*Samuel W. Burroughs*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Henry A. Mandell*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of keeping a saloon open on Sunday. But two questions need be considered. The first relates to the sufficiency of the information, and the second as to whether the defense offered any testimony which fairly tends to sustain the claim which is made that the saloon was opened under the stress of overruling necessity.

The information failed to state that the saloon was not a drug store. Section 2283*e*, 3 How. Stat., provides that—

" All saloons, restaurants, bars, in taverns or elsewhere, and all other places, except drug stores, where any of the liquors mentioned in this act are sold or kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called ' Sunday.' "

We think the words "except drug stores" are used to apply to "other places," immediately preceding, and that an information alleging that a saloon where liquors mentioned in the act are sold is kept open on Sunday is good. *People* v. *Robbins*, 70 Mich. 131; *People* v. *Sullivan*, 83 Mich. 355.

The respondent offered testimony that on the Sunday in question he and his father-in-law were walking along the street, and came to nearly in front of his saloon, when they met four men; that respondent's father-in-law was taken suddenly ill, and it was suggested that he be taken home in a carriage, but he replied that

he must have a doctor right away; that respondent then opened his saloon, admitted his father-in-law and the four other men, and telephoned for a doctor.   The respondent's own testimony shows that he was unable to state whether there were other persons admitted into the saloon.   In answer to the question, "You don't remember whether there were two others or not?" he replied:

"My father-in-law and the four persons that came in with me would be five.   I don't remember the sixth person at all.

" *Q.* They [referring to the officers] testified that there were seven persons there besides yourself,—one in front of your bar; you were behind it; and that there were six in this room.   Are they correct or not in that?

" *A.* No, sir.   There was about five there.   There may have been six.   I don't think there was seven people there, though."

It also appeared that, when the officers came to the front door, they were admitted, or at least one of them, without the respondent knowing that he was an officer.

We think this testimony fails to show any overruling necessity for opening up the saloon and admitting people indiscriminately.   If it was necessary to take his father to a place for treatment, there was a drug store within a few feet of the place, lawfully open.   Or, even if it might be said that it was proper to open the saloon for this purpose, it was not necessary to let in a battalion of customers at the same time.   The facts were not disputed except as to the number of people admitted.

No error was committed to the prejudice of respondent, and the conviction will be affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred.   LONG, C. J., did not sit.