WILLIAM LINGELBACH v. A. N. HOBSON, Judge, Defendant.

Intoxicating liquors: ILLEGAL SALE. On a prosecution for the illegal
1    sale of liquor the evidence is held insufficient to show that sales
     were not made within plain view of the street.

Same: KEEPING OPEN: PROHIBITED HOURS. The proprietor of a mulct
2    saloon cannot legally open his place of business for any purpose whatever during the time it is required to be closed by
     Code, section 2448.

Contempt: ATTORNEY FEES. The fee to be taxed in favor of the attorney prosecuting a contempt proceeding is not definitely fixed by statute, but is a reasonable sum to be fixed by the court..

TUESDAY, MAY 8, 1906.

ON the 13th day of February, 1905, the plaintiff was permanently enjoined from illegal selling or keeping for sale intoxicating liquors within the Thirteenth judicial district of Iowa. Information charging him with the violation of this injunction was filed November 3d of the same year, and upon hearing he was adjudged guilty of contempt of court and fined. To test the legality of these proceedings he has sued out a writ of *certiorari* in this court. Petition *dismissed*.

*E. E. Hasner* and *W. B. Ingersoll,* for plaintiff.

*E. R. Acres* for defendant.

LADD, J.— The information accused plaintiff of keeping a place in Oelwein wherein intoxicating liquors were illegally sold and kept for illegal sale, and that such place had been kept open after ten o'clock p. m. during week days, open on Sunday, and that the view of the bar from the street had been obstructed by plants and signs at divers times. The plaintiff answered that the mulct law was at all times in force in Oelwein and with it he had fully complied. It is conceded that the evidence fails to show that defendant's place of business was opened on Sunday.

I. The bar where liquors were furnished was in plain view from the street. There were no screens. The curtain, if any, stretched across the back of the window sill, was but
1. INTOXICATING from twenty inches to two feet high. The
LIQUORS: illegal
sales. lower part of the window or sill was not to exceed twenty-one inches above the sidewalk in front, and the seven or eight flower jars were small and with

their contents not more than nine or ten inches high, so that these could not have obstructed the view from the street. A sign, " Bill's Buffet," was painted on the window glass, as one witness testified, so that the lower part of the letters were six feet above the sidewalk; but others swear the distance was seven and one-half or eight feet. In either event the sign could not have obstructed the view from the street.

II. The plaintiff, though locking his place of business at ten o'clock p. m. remained therein with his bartenders to take up the cash and compare it with the register. This kept them ordinarily fifteen minutes, and at one time twenty-five minutes, after ten o'clock. In passing out, they necessarily unlocked and opened the door but for that purpose only. Was this in violation of paragraph 9 of section 2448 of the Code? declaring that " the place shall not be open nor any sales be made earlier than five o'clock a. m. nor later than ten o'clock p. m. on any day. It shall not be open at all nor any sales be made, on the first day of the week, commonly called Sunday, nor on any election day or legal holiday nor on the evening of such days." The latter part of this section was construed in *Rosenthal v. Hobson* (Iowa), where opening a saloon on Sunday to clean it was held to be prohibited; the court saying: " The statute does not say that the place shall not be opened for business; it says it shall not be opened at all." In support of the decision the following cases were cited: *McKinney v. Nashville,* 96 Tenn. 79 (33 S. W. 724), where the court, under an ordinance that they shall not " keep open " on Sunday, held that the proprietor and employés " cannot engage in the work pertaining to their saloon or allow others to enter in or remain in it." *People v. Waldvogel,* 49 Mich. 327 (13 N. W. 620), declaring that opening a saloon on Sunday to clean it was in violation of a statute requiring it to be kept closed on that day, saying that " the Legislature, in order to guard against the danger of sales being made,

*2. SAME: keeping open: prohibited hours.*

has directed that the place where liquors are kept shall be closed, so that no opportunity to violate, by making sales, shall be afforded. The person who engages in the business of carrying on a saloon must, at his peril, see that no necessity exists for keeping the same open, by carrying on any other business therein"; and *Monses v. State,* 78 Ga. 110, where the court decided that " under the statute a tippling house must be closed on the Sabbath day, and if the owner keep it open but for a moment it is in violation of the statute, and there is no purpose for which the statute authorizes such a house to be opened." We have called attention especially to this decision, and the authorities upon which it rests, to indicate clearly the doctrine to which this court is committed, even though the opinion was not officially reported. In further support of the ruling see *Neuman v. Becker,* 54 Ohio St. 323 (46 N. E. 706); *Klug v. State,* 77 Ga. 734; *People v. Cummerford,* 58 Mich. 328 (25 N. W. 203), where the court said: " It is not alone the intent or purpose for which the saloon is kept open that is offensive to the law, but also opportunity furnished persons to obtain liquors at the hours and on days prohibited by the statute." See *People v. Blake,* 52 Mich. 566 (18 N. W. 360); *People v. Schottey,* 116 Mich. 1 (74 N. W. 209); *People v. Taylor,* 110 Mich. 491 (68 N. W. 303). See contra; *Miller v. State,* 68 Miss. 533 (9 South. 289); *Hannan v. District of Columbia,* 12 App. D. C. 265; *Kroer v. People,* 78 Ill. 294; *Patten v. City of Centralia,* 47 Ill. 370.

These decisions are important in determining what is meant by "not open" as employed in our statute. Plaintiff argues, however, that the clause " shall not be open nor any sales made " should be construed so as to prohibit being open only when sales are made, and it is argued the "nor" found in the sentence, " the place shall not be open nor any sales made later than 10 p. m. on any day," is employed merely to render negative the second part of the sentence in connection with the first, and that an alternative effect can-

not be given. But there is no connection such as suggested. The words " nor any sales made " are inserted, instead of " and no sales shall be made," or " and sales shall not be made," with which they are equivalent in meaning. Had they been omitted entirely, keeping open after the hours named would have been prohibited. By inserting them another prohibition was added, and the meaning rendered precisely as though· " neither " had been used, instead of " not," and the sentence read " the place shall neither be open nor sales made." The opening of the place after ten o'clock p. m. or before five o'clock a. m. is prohibited as absolutely as on Sunday. The only difference is the place may be open a part of secular days, but not at all on the first day of the week. The meaning of " open " is the same in both clauses, and, unless we are to disregard the ruling in Rosenthal v. Hobson, *supra,* the conclusion is inevitable that, if the place be open but for a moment, no matter what the purpose, the statute is violated, and the bar to prosecution removed. The object of this provision was to obviate all opportunity of selling liquors during certain hours of the night. If the proprietor or employés remain, even though the door be fastened, how shall it be known that others are not also there ? If they may open the saloon to leave, they may do so to enter. If they can leave or enter together, they may do so separately, and at all hours of the night, and, save for the sale of intoxicating liquors, the place be kept open as effectually as though being " open " were not prohibited. The law allows those engaged in the traffic seventeen hours of each day to prosecute their business, and there is no excuse for encroaching on the remaining seven hours, in winding up the business of the day or preparing for the next. If such work is essential, it may be done earlier in the evening or later in the morning for it will be noted that keeping open so late as ten o'clock or opening as early as five o'clock is not compulsory.

Regardless of this, however, the statute in explicit terms

has exacted the conduct of this business in a single room, with but one entrance, the view of the bar from the street unobstructed, without chairs or other furniture, save back of the bar for employés — in fact, so kept as to be unsuited for any other purpose — and in declaring that it shall not "be open" during the hours referred to, irrespective of the purpose, the lawmakers intended that the business conducted therein should cease, and the place be so closed, and not be opened during the prohibited hours, save possibly in an emergency.

III. The sum of $50 was assessed and taxed as a part of the costs in favor of plaintiff's attorney. The proof showed the amount reasonable but it is said to be in excess
3. CONTEMPT: attorney fees.
of the sum permitted by statute. Section 2429 of the Code provides that in "all procedings for a contempt . . . the court or judge before whom the same shall be heard and determined shall allow the attorney prosecuting such cause a reasonable sum for his services." The amount to be allowed is not limited by this or any other section of the Code. *Carter v. Bartel,* 110 Iowa, 211, relied on by plaintiff, was a suit to enjoin a liquor nuisance and it was held that as section 2429 authorized the taxation of a reasonable fee in such a case and section 2406 definitely fixed such fee at $25 this sum must be regarded as reasonable. The latter section, however, does not relate to proceedings in contempt and the case is not in point. The amount to be taxed as attorney's fee in proceedings for contempt is to be determined by the court or judge in each case and unless unreasonable will not be disturbed.

The plaintiff was rightly convicted. The petition is *dismissed.*