# Staunton.

## O'DONNELL v. COMMONWEALTH.

### September 15, 1908.

1. INTOXICATING LIQUORS—*Illegal Sale—"Knowingly Sell"—Sale by Agent —Liability of Principal—Intention.*—Under the statute of this State declaring that no person shall knowingly sell liquor to an intoxicated person, and fixing a penalty for its violation, the phrase "knowingly sell" refers to the condition of the person to whom the sale is made, and not to the sale, and the fact that such a sale is made, whether by the principal, or by his clerk or agent, is all that is necessary to be proved in order to make out the offense against the principal, provided only that where the sale was made by the clerk or agent, he was acting in the conduct of the business with which he was charged by the principal. Intention is not a necessary element of the offense.

2. INTOXICATING LIQUORS—*Illegal Sale by Agent—Liability of Principal.*— A man who engages in the sale of intoxicating liquors as a licensee of the State, engages in it at his own peril, and must see to it that the requirements of the law are rigidly complied with, and is responsible for any failure of any agent of his to comply with those requirements.

Error to a judgment of the Circuit Court of Rockingham county on an indictment for selling liquor to an intoxicated person. To a judgment of conviction, the defendant assigns error.

*Affirmed.*

The opinion states the case.

The following instructions were given by the court notwithstanding defendant's objection thereto:

"1. The jury are instructed, that the defendant is presumed to be innocent until and unless his guilt is established by the evidence beyond every reasonable doubt.

"2. The court instructs the jury, that the word intoxicated as used in the indictment means a materially changed condition produced by the immoderate or excessive use of intoxicants as contrasted with normal condition and conduct.

"3. The jury are instructed, that even though they may believe from the evidence that the defendant, O'Donnell, did, on the 26th day of May, 1908, sell intoxicating liquor to J. L. Sherrard, and that the said Sherrard was at the time of such sale in an intoxicated condition, that yet they must find the defendant not guilty, unless they further believe from the evidence that, at the time of such sale, the defendant, or his salesman who sold the liquor knew that said Sherrard was intoxicated.

"4. The court instructs the jury, that if they believe from the evidence that J. L. Sherrard purchased half a pint of whisky at the barroom of Daniel O'Donnell on the 26th day of May, 1908, whether said purchase was made from said O'Donnell or some person employed by him in said barroom, and that at the time of the said sale the said Sherrard was intoxicated and that said intoxication of said Sherrard at that time was perfectly apparent, so that the seller must have observed the fact that he was intoxicated, they shall find the accused guilty and shall ascertain his punishment, which shall be a fine of not less than $50 nor more than $100."

The defendant likewise asked several instructions, all of which but one the court refused to give. Among the instructions asked was one marked F which was in the following words and figures, to-wit:

"The jury are instructed, that even though they may believe from the evidence that the defendant, O'Donnell, did, on the 26th day of May, 1908, sell intoxicating liquor to J. L. Sherrard, and that the said Sherrard was, at the time of such sale, in an intoxicated condition, that yet they must find the defendant not guilty, unless they further believe from the evidence that, at the time of such sale, the defendant actually knew that said Sherrard was intoxicated."

But the court refused to give said instruction F as asked and modified it as follows:

"The jury are instructed, that even though they may believe from the evidence that the defendant, O'Donnell, did, on the 26th day of May, 1908, sell intoxicating liquor to J. L. Sherrard, and that the said Sherrard was, at the time of such sale, in an intoxicated condition, that yet they must find the defendant not guilty, unless they further believe from the evidence that, at the time of such sale, the defendant, or his salesman who sold the liquor, knew that said Sherrard was intoxicated." To which action of the court in modifying said instruction, the defendant excepted.

*D. O. Dechert,* for the plaintiff in error.

*Attorney General Wm. A. Anderson,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

Section 19 of the acts of assembly approved March 12, 1908, (Acts 1908, p. 275), commonly known as the "Byrd Liquor Law," provides, *inter alia,* that "No person * * * shall knowingly sell (ardent spirits) to any intoxicated person." And in section 27 of the act it is provided, that "any person violating any of the provisions of * * * this act shall be deemed guilty of a misdemeanor * * * and shall be fined not less than fifty dollars nor more than one hundred dollars * * * and shall be required to give bond for twelve months with approved security in the penalty of five hundred dollars, and conditioned that he will not violate the provisions of this act."

Plaintiff in error, Daniel O'Donnell, having a license to sell liquor by retail at his barroom in the town of Harrisonburg, in the county of Rockingham, was indicted in the circuit court of that county for a violation of the above statute, in that he did, on the 26th day of May, 1908, sell to one J. L. Sherrard one-half a pint of whisky, knowing the said Sherrard to be

intoxicated.  The case was tried on the plea of not guilty, the defendant found guilty, and his punishment ascertained by the jury to be a fine of $50, and the court gave judgment against him for the said fine and costs of the prosecution, and further required the defendant to execute bond with security · in the penalty of $500, conditioned for his observance of the provisions of the act above mentioned.

We are asked to review and reverse this judgment on the ground that the verdict of the jury was contrary to the law and the evidence, and because the trial court erred in giving and refusing instructions.

That the sale of liquor was made as charged in the indictment is proved by the evidence beyond all question.  In fact, the defendant, when testifying in his own behalf, practically admitted that fact; and we pass over the question, whether or not Sherrard, at the time of the sale to him, was intoxicated, and the fact apparent to anyone having occasion to observe his condition, with the remark only, that the evidence not only tended to prove that such was his condition, but proved it beyond all reasonable doubt.  The sole question, therefore, for our consideration is whether or not the jury were misdirected or misled by the instructions of the court.

Four instructions were given on behalf of the Commonwealth, which will be set out with the official report of this opinion. Practically, the only objection made to these instructions is that the court told the jury, that if they believed from the evidence that J. L. Sherrard purchased half a pint of whisky at the bar of Daniel O'Donnell on the 26th day of May, 1908, whether said purchase was made from said O'Donnell or some person employed by him in his said barroom, and at the time of said sale the said Sherrard was intoxicated, and that said intoxication of said Sherrard at the time was perfectly apparent so that the seller must have observed the fact that he was intoxicated, they shall find the accused guilty, etc.  The instructions asked for by the defendant, which the court refused,

sought to have the jury told, that the statute, in a case of sale of ardent spirits such as is charged in the indictment, contemplates actual knowledge on the part of the accused of the purchaser's condition. In other words, it was the purpose of the defendant to have the jury instructed, that if they believed from the evidence that the sale of liquor was made to Sherrard, not by the defendant in person, but by his agent in the absence of the defendant, and without his knowledge, they could not find a verdict of guilty against him.

The sale in question was made, as the evidence shows, by the son of the defendant, who was employed by the latter in his barroom and entrusted with the conduct of the same in the absence of the defendant, and the evidence also shows that the defendant at the time of the sale to Sherrard was in fact absent from his place of business.

Much stress is laid by counsel for the defendant, in the argument of the case here, upon the fact that the language of the statute is that no person shall *knowingly sell* to an intoxicated person, and he argues that if the defendant did not know himself that Sherrard was intoxicated when the sale of the whisky was made by his clerk, there could be no conviction in this case.

Clearly, as it appears to us, the term "knowingly sell" is referable to the condition of the person to whom the liquor is sold and not to the sale for manifestly if that interpretation of the language were adopted the whole purpose of the statute would be defeated, as the penalty for making the prohibited sale could be easily avoided. It would be necessary only, under that interpretation of the statute, for a person engaged in the business of selling ardent spirits to absent himself from his place of business and leave his clerks free to make sales to any and all persons, regardless of their condition or age. It is true that the person who actually makes the sale is liable to prosecution under the statute as well as the proprietor of the place of business where the prohibited sale is made, but this does not relieve the proprietor of responsibility for the illegal sale.

There is unquestionably a decided conflict in the cases with reference to the criminal and penal liability of a principal or master for violation of liquor laws by an agent or servant; but this conflict in a large measure grows out of the differences to be found in the various statutes of the States in which the cases on this subject were adjudicated.

To the case of *Williams* v. *Hendricks,* 41 L. R. A. 650, there is a note citing a large number of these cases, some of which are entirely irreconcilable in principle with others of them; but, as stated, this conflict is due to the phraseology of the various statutes of the character of the one which we have under consideration.

In *Carroll* v. *State,* 63 Md. 551, 3 Atl. 29, it was held that the principal is bound by the act of his agent in selling liquor to a minor in violation of the law, if the agent is pursuing the ordinary business entrusted to him by·such principal, on the ground that intention is not an essential element of the offense, but that the offense is constituted by the act of selling, whether done by the principal or by his agent; and that this is true, even though the agent had violated the instructions of his principal in making such sale.

In *State* v. *Kittelle,* 110 N. C. 560, 15 S. E. 103, 15 L. R. A. 694, 28 Am. St. Rep. 698, it was held, that "the proprietor of a barroom is criminally liable for the unlawful sale of intoxicating liquor to a minor by his clerk, although it is made in his absence, without his knowledge and in violation of his instructions." Under the statute involved in that case, knowledge of the infancy of the person to whom the liquor was sold was an essential element of the crime, and the court held, necessarily, that the agent's knowledge should be imputed to the principal, the opinion saying, that the doctrine that the agent's knowledge is the knowledge of the principal applies on a sale of intoxicating liquors to a minor by a clerk, to the statutory presumption of knowledge as to the age of the purchaser. True, the language of that statute was, that the dealer in intoxicating liquors should

not sell *directly or indirectly* to any unmarried minor; but upon reading the opinion of the court it is clear that the court considered that the principles controlling in such a case would make the principal liable irrespective of these words.

The same view was taken in *Zigler* v. *Com'th,* (Pa.), 12 Cent. Rep. 497, 14 Alt. 237, cited in the note to *Williams* v. *Hendricks, supra,* which was a prosecution for willfully furnishing liquor to persons of known intemperate habits, in which it was alleged that the liquor was furnished by a clerk without authority. The decision in that case was based upon the principle, that in misdemeanors there are no accessories, but all are implicated as principals, and that the question of agency had nothing to do with the case.

In *State* v. *Denoon,* 31 W. Va. 122, 5 S. E. 315, a druggist was held to be liable and was fined for a sale by his clerk, without his knowledge, and contrary to his instructions, the prosecution in that case being under a statute providing, that "no person without a State license therefor shall  *  *  *  sell, offer or expose for sale spirituous liquors, wines, porter, ale, or beer, or any drink of like nature;" and there, as in the case before us, it was contended that, as the sale was shown to have been made, not by the accused, but by his clerk, without his knowledge and contrary to his directions, he was wholly innocent of any wrong intent or purpose to violate the law, and therefore innocent of any offense. The court, in an opinion by Snyder, J., carefully considered the question and reached the conclusion above mentioned. In the opinion it is said: "The authorities are numerous to the effect that when statutes prohibit or command an act to be done without qualification, in such cases ignorance or mistake of fact will not excuse their violation. This is peculiarly the case in regard to statutes respecting revenue and police matters, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted; for the law in these cases seems to bind the party to know the facts and to obey the law at his

peril. Many of the cases sustaining this view will be found annotated in a note to *Farrell* v. *State,* 32 Ohio St. 456, 30 Amer. Rep. 617, and the result there deduced from the cases is stated thus: '*First,* when to an offense knowledge of certain facts is essential, then ignorance of these facts is a defense; *second,* when a statute makes an act indictable, irrespective of guilty knowledge, then ignorance of fact is no defense.' * * * I deem it unnecessary to express any opinion as to the weight of authority on this subject in other States, because I consider the law of the case at bar plain under our statutes and the former rulings of this court." Further on, the opinion, quoting from *State* v. *Cain,* 9 W. Va. 559, says: " 'As to whether the seller intended to violate the law or not at the time of selling to the minor is, under the authorities cited, immaterial, except in mitigation of the punishment.' " * * * And in reference to offenses of a different character and the decisions of other States, this further quotation is made: " 'It is true that with us in felonies and most cases of misdemeanor under the common law, intent is regarded as being one of the chief elements necessary to constitute the crime or offense, but under this statute the commission of the act prohibited constitutes the offense. This is manifest, I think, from the legislation to which I have referred. I am aware that the highest courts of several of the States have differed in the construction of similar legislation. Some of them have taken the view I have presented, and others a different view. But I apprehend, if the courts of the States adopting a different view from that I have taken had considered their legislation such as required them to construe the legislation as remedial and not penal, they would have arrived at the same conclusion I have felt myself bound to adopt in this case.' "

In the case from which we have just made quotations, as in the case at bar, it was not questioned that the liquor sold was the property of the defendant; that the clerk who sold it was the agent of the defendant and as such authorized to sell the

liquor according to law; nor is it pretended that the defendant did not get the money paid for the liquor. It is true that the statute under consideration in *State* v. *Denoon, supra,* contained the language "by one person for another," but nevertheless the opinion says, that "by the positive command of the statute, both the clerk and the defendant are guilty of the offense, and they may be indicted and punished either jointly or separately. It is wholly immaterial, under the positive prohibition and policy of the statute, what the instructions were from the defendant to his clerk, or that the sale was in violation of his instructions. Neither the motives nor the intent of the defendant, nor his purpose to obey the law, can relieve him, when it is shown that a sale in violation of the statute was actually and purposely made either by himself or by another for him. The clerk knew he was selling the liquor, and the proof shows that he was selling it as the agent of and for the defendant. If the purpose had been to sell a wholly different thing from that which was in fact sold, an article the sale of which was not prohibited, then the motive and intent might be material." * * * A number of authorities are cited in that case for the view taken by the court, among which are 1 Whart. Crim. Law, sec. 247; *Com.* v. *Kelly,* 140 Mass. 441, 5 N. E. Rep. 834; *Dudley* v. *Sautbine,* 49 Iowa 650, 31 Am. Rep. 165; *People* v. *Blake,* 52 Mich. 566, 18 N. W. 560. See also *People* v. *Roby,* 52 Mich. 365, 18 N. W. 365, 50 Am. Rep. 270; *Nocck* v. *People,* 91 Ill. 464.

We quite agree with the view taken by the learned attorney general in his argument of this case, that the cases which hold that a principal is bound for the acts of his agent, done not only without his authority, but in violation of his instructions in the making of the sale of ardent spirits, constitute an exception to the general rule, that the doctrine of respondeat superior does not apply to criminal cases; and that the doctrine is based upon the postulate, that a man who engages in this business as a licensee of the State, engages in it at his peril, must see to it

that the requirements of the law are rigidly complied with, and is responsible for any failure of any agent of his to comply with those requirements.

If this be not the correct doctrine, then the statute we have now under review would prove a dead letter, and the evil—namely, the sale of ardent spirits to persons already intoxicated—would not and could not be removed. Any other view of this remedial statute would leave the way open for the vendors of ardent spirits to make the sale prohibited without fear of punishment; moreover, if a barkeeper could shield himself behind the claim that he was ignorant of the illegal acts of his clerk or agent in the sale of ardent spirits, violations of the prohibited acts by his tacit connivance would, without doubt, be increased rather than diminished, and thus render farcical all efforts to suppress the evil at which the statute is aimed.

We fully concur in the view taken in the cases and by the text-writer cited above, that intention is not a necessary element in the offense of an illegal sale of intoxicating liquors, and that such a sale, whether made by the principal or by his clerk or agent, is all that is necessary to be proved in order to make out the offense; provided only that the sale be made by the clerk or agent in the conduct of the business with which he was charged by the principal, as proved in this case.

The statute is clearly broad enough to hold the master responsible for all acts of his employee, whether authorized or permitted by him or not, under the exception to the general rule as stated in 23 Cyc. 207, relied on by the defendant.

We are of opinion, therefore, that the judgment of the circuit court is right, and it is affirmed.

*Affirmed.*