## Staunton.

## HARDIN V. CITY OF RADFORD.

### September 14, 1911.

1. CITY OF RADFORD—*General Powers of Taxation—License to Sell Cider.*—The charter of the city of Radford confers upon the city general powers of taxation, and the fact that the sale of cider is not mentioned as one of the subjects for which a license may be required, does not preclude the city from imposing a license tax thereon, as the charter, after enumerating a few of the subjects for which a license may be required, proceeds "and any other business, whether a license may be required therefor by the State or not," thereby plainly indicating that there were other pursuits not named that might be licensed.

2. CITY OF RADFORD—*Power to Impose License Taxes—Constitutional Law.*—Section 57 of the charter of the city of Radford conferring upon the city the power to impose license taxes is not in conflict with section 117 of the Constitution of this State inhibiting special legislation.

3. TAXATION—*Legislative Power—City Ordinances—Excessive Fines.* The power of taxation rests with the legislative and not with the judicial department of the government, and its province cannot be invaded by the courts. Courts will not enquire whether the amount of a fine imposed by a city (in pursuance of charter powers) for a violation of one of its ordinances is or is not reasonable.

4. INTOXICATING LIQUORS—*Act Regulating Sale—Sale of Cider.*—The act of March 15, 1910, (Acts, 1910, p. 289) regulating the sale and manufacture of intoxicating liquors, &c., does not in any way prohibit the cities and towns of the Commonwealth from imposing a license tax upon persons engaged in the regular business of selling cider.

5. LICENSES—*Sale of Farm Products—Cider Purchased of Another.*— Section 1042-a of the Code (1904) prohibiting cities and towns from imposing any tax, fine, or other penalty upon and from persons selling farm and domestic products of their own production within the limits of such city or town, furnishes no protection to a merchant in a city regularly engaged in the sale of cider manufactured by another in a distant town of the State, but who does not himself own any land or produce any article of farm or domestic production.

6. LICENSE—*Agents—Doing Business Without License.*—A person who transacts business without a license, where a license is required, is not relieved from the consequences thereof by showing that he acted as agent for another.

Error to a judgment of the Corporation Court of the city of Radford on appeal from a judgment rendered by the mayor of said city.

*Affirmed.*

The opinion states the case.

Section 57 of the charter of the city of Radford, referred to in the opinion of the court, is as follows:

"The city council may levy a tax on licenses to agents of insurance companies, which principal office is not located in said city; to auctioneers; to public, theatrical or other performances or shows; to keepers of billiard tables and ten-pin alleys; to hawkers and peddlers; to agents for the renting of real estate; to commission merchants; and to any other business, whether a license may be required therefor by the State or not; and to lawyers and doctors for the privilege of practicing in the corporation. The amount of license in case of lawyers and doctors is not to exceed that imposed by the State. For water or light supplied by the city from its works, council shall fix the rates thereof, the time when such rates shall be paid, and the penalties for the non-payment thereof."

*Woods & McNulty,* for the plaintiff in error.

*H. C. Tyler,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The plaintiff in error seeks to set aside a judgment imposing upon him a fine of $10.00 for conducting the business

of selling cider without a license, in violation of an ordinance of the city of Radford.

The contention that the city of Radford has no power to levy a tax upon the business of selling cider, and that, if it has, the tax imposed of $50.00 is unreasonable, cannot be sustained. The language of the charter (Acts 1910, p. 304, sec. 54), with respect to the powers of taxation thereby conferred upon the city, is substantially the same as that found in the charters of other cities of the Commonwealth, and has been repeatedly held to confer upon the city council general powers of taxation, including all persons and subjects of taxation, except only as they may be limited by the laws of the State, or of the United States. The business of selling cider is not exempt from taxation because it is not mentioned among the subjects of taxation enumerated in section 57 of the charter. It is clear that the legislature did not undertake to enumerate all the subjects and classes upon which a license tax might be imposed. On the contrary, it followed the few subjects enumerated with the broad language, "and any other business, whether a license may be required therefor by the State or not," thereby plainly indicating that there were other pursuits not named that might be licensed. *N. N. & O. P. Ry. &c. Co.* v. *City of Newport News,* 100 Va. 157, 40 S. E. 645.

There is no merit in the contention that section 57 of the charter is void because it is in violation of section 117 of the Constitution, inhibiting special legislation.

As to the contention that the tax of $50.00 imposed upon the business of selling cider is unreasonable, it is enough to say that the power of taxation rests with the legislative and not with the judicial department of the government, and its province cannot be invaded by the courts. *Woodall* v. *City of Lynchburg,* 100 Va. 318, 40 S. E. 915.

It is further contended that section 14 of an act approved March 12, 1908, as amended by an act approved March 15,

1910 (Acts 1910, p. 289), permits the sale of cider which is the pure juice of the apple.

·· This is an act defining and regulating the sale and manufacture of intoxicating liquors and malt beverages and imposing license taxes thereon. In what way it prohibits the cities and towns of the Commonwealth from imposing a license tax upon persons engaged in the regular business of selling cider, such as the plaintiff in error is shown to be conducting, has not been pointed out, and we are unable to see that the statute invoked in any way bears upon or affects the issue involved in this case.

: In resisting the fine imposed, the chief reliance of the plaintiff in error seems to rest upon the contention that under section 1042-a of the Code of 1904, the business of selling cider within the limits of a city is exempt from taxation because it is a farm or domestic product.

. The record shows that during the month of May, 1910, the plaintiff in error was occupying a regular place of business upon the principal business street of Radford, .conducting daily, without a license, the business of selling cider, which was not made from apples grown on his own land, but was the product of apples grown or bought by the Rose Cliff Fruit Farm, Incorporated, at Waynesboro, Va.

Section 1042-a of the Code has no application to this case. That section of the statute law, as its language clearly shows, was intended to prohibit the several cities and towns of the Commonwealth from imposing and collecting any tax, fine or other penalty upon and from persons selling farm and domestic products of their own production within the limits of such town or city. In other words, persons are thereby permitted to bring their own farm and domestic products to the towns and cities and sell the same upon the streets and outside of the regular market houses and sheds without paying a curbage license tax for the privilege. The plaintiff in error does not claim to own a foot of land or to

produce himself an article of farm or domestic production. On the contrary, he admits that he is conducting the business of selling cider made by the Rose Cliff Fruit Farm, of Waynesboro, Va. If the interpretation sought to be placed upon section 1042-a by the plaintiff in error were possible, many businesses not contemplated by the statute could be regularly conducted in the towns and cities without paying a tax for the privilege.

The plaintiff in error further contends that the fine was improperly imposed upon him because he was conducting the business, not for himself, but as agent of the Rose Cliff Fruit Farm, Inc.

The plaintiff in error cannot escape liability by showing that he was acting as agent for the Rose Cliff Fruit Farm, Inc. He was personally conducting a regular place of business without the required license, and for this he was fined. The city had no means of knowing that he was acting for the Rose Cliff Fruit Farm, a wholesale manufacturer of cider at Waynesboro, Va.

A person who transacts business without a license, where a license is required, is not relieved from the consequences by showing that he acted as agent for another. *O'Donnell v. Commonwealth*, 108 Va. 882, 62 S. E. 373; 1 Am. & Eng. Enc. of L., p. 1133, note, and cases cited.

There is no error in the judgment complained of, and it is affirmed.

*Affirmed.*