### Joe Copeland v. The State.

#### No. 1316. Decided December 16th, 1896.

**1. Charge to Acquit for Want of Evidence—Practice.**

Where there are facts tending to establish, or establishing the crime as alleged, the court is never authorized, but on the other hand should always refuse, to instruct the jury to acquit because there was no evidence.

**2. Gaming—Requested Instructions as to the Credibility of Detectives.**

On a trial for keeping and exhibiting a gaming table and bank, where two witnesses testified that they had been employed by the sheriff as detectives to ferret out gaming cases, and defendant asked the court to instruct the jury that, "in passing upon the guilt or innocence of the defendant, you may take into consideration the fact that the witnesses were paid and hired to catch the defendant, if they were so paid and hired." Held: The charge was objectionable in that it singled out two witnesses, was upon the weight of evidence, and calls attention of the jury specially to these facts as weighing upon their credibility.

Appeal from the County Court of Lamar. Tried below before Hon. J. C. Hunt, County Judge.

Appeal from a conviction for keeping and exhibiting a gaming table and bank for gaming; penalty, a fine of $25 and ten days' imprisonment in the county jail.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of keeping and exhibiting, for the purpose of gaming, a gaming table and bank, and his punishment assessed at a fine of $25 and ten days' imprisonment in the county jail; hence this appeal. Appellant asked the court to charge the jury that there was no evidence in the case that the defendant kept or exhibited a gaming table and bank; therefore they would acquit him. The court did not err in refusing to give this charge, for the facts show that he did keep and exhibit, for the purpose of gaming, a gaming table and bank. During the trial, two of the witnesses testified that they had been employed by the sheriff of the county, and paid $50 per month, as detectives, to ferret out gambling and violations of the whiskey law. They stated they were not interested in these prosecutions. In this connection, defendant asked the court to charge the jury that, "you are the judges of the weight of the evidence and the credibility of the witnesses, and, in passing upon the guilt or innocence of the defendant, you may take into consideration the fact that the witnesses introduced by the State were paid and hired to catch the defendant, if you believe they were so hired and paid." · This was refused, and an exception re-

served to the ruling of the court. We think the court did not err in refusing to give this instruction. It singles out two witnesses and charges upon the weight of the evidence, and calls the attention of the jury specially to these facts, as weighing upon their credibility. We know of no statute in our State that authorizes the court to single out a particular witness, and charge upon the weight of his testimony, except in cases of perjury and in those cases where the State relies upon the testimony of an accomplice. In all cases the courts are prohibited from commenting upon the weight of the testimony of witnesses, and inhibited from charging upon the weight of a particular witness or class of witnesses, unless that power is conferred by the statute; and, wherever those statutes create, or give that power, they constitute exceptions to the general rule, prohibiting the court from charging upon the weight of the evidence. The two witnesses referred to in this case are not accomplices. They were simply employed as detectives to ferret out that character of violations of the law about which they testified, to-wit: gambling and violations of the whiskey law. See, Muely v. State, 31 Tex. Crim. Rep., 155. The other questions raised in this case have been decided adversely to appellant in the companion cases of Moore v. State, ante p. 574, and Kelly v. State, ante p. 480. The judgment is affirmed.

*Affirmed.*