STATE v. S. C. KIGHT.[1]

December 31, 1908.

Nos. 15,934—(41)

**Statute not Unconstitutional.**

Section 1519, R. L. 1905, declaring the sale of intoxicating liquor without a license a misdemeanor, is not void because no maximum penalty is there prescribed for its violation.

**Maximum Penalty for Misdemeanor.**

The maximum penalty for misdemeanors, when not expressly fixed by a statute declaring certain acts to constitute the offense, is prescribed by section 4763, R. L. 1905, and controls where the particular statute is silent on the subject.

**Unfriendly Witness.**

Where a witness declares on cross-examination that he is unfriendly to one of the parties, it is not proper on redirect examination to elicit from him the reasons for his unfriendliness.

**Same—Violation without Prejudice.**

A technical violation of the rule in this case *held* not prejudicial.

**Cross-Examination of Defendant.**

The extent to which the defendant, who takes the stand as a witness in his own behalf in a criminal prosecution, may be cross-examined for the purpose of testing his credibility, rests in the sound discretion of the trial court.

Defendant was convicted in the district court for Big Stone county under R. L. 1905, § 1519, of selling intoxicating liquor in less quantity than five gallons without a license, and sentenced to the common jail for forty five days, and to pay a fine of $75 and costs. From an order, Flaherty, J., denying defendant's motion for a new trial and from the judgment of conviction and sentence, he appealed. Affirmed.

*F. W. Murphy* and *A. B. Kaercher,* for appellant.

*Edward T. Young,* Attorney General, and *J. J. Purcell,* County Attorney, for the state.

[1] Reported in 119 N. W. 56.

BROWN, J.

Defendant was convicted of selling intoxicating liquor without a license, and appealed from an order denying a new trial. The facts disclosed by the record are that on June 30, 1907, the date charged in the indictment, defendant, a resident of Ortonville, this state, stocked a barge on Big Stone Lake with intoxicating liquors and anchored it about three miles up the lake, a short distance from McGaughey's Park, a public resort on the Minnesota side of the lake, from which he dispensed his goods to those who came from the park to make purchases. A game of ball was being played at the park on the day stated, Sunday, and a large number of people were present to witness it. The person to whom defendant is charged with having sold a quart of beer testified that he and other boys went from the park in a small boat to the barge, which appears to have been named "Black Bass," and there purchased a bottle or more of beer from defendant and paid him therefor. This and other corroborative testimony established the fact that defendant was engaged at the time in the unlawful sale of liquors, and fully justified the jury in finding him guilty of the specific charge laid in the indictment. So that, unless some reversible error was committed on the trial, the order denying a new trial must be affirmed. Though a careful examination of the record discloses no such error, we consider briefly some of the matters presented by the assignments.

1. It is urged that section 1519, R. L. 1905, on which the prosecution is founded, is unconstitutional and void for the reason that it fixes no maximum penalty for its violation, and leaves the matter to the discretion of the court, in the exercise of which an excessive or cruel and unusual punishment might be imposed. We do not concur in this contention. The statute, it is true, fixes no maximum penalty, but declares the offense a misdemeanor, to be punished by a fine of "not less than fifty dollars * * * and by imprisonment in the county jail for not less than thirty days." If it can be said that the statute, standing alone, is invalid because of its failure or omission to prescribe a maximum penalty, which is doubtful (Frese v. State, 23 Fla. 267, 2 South. 1; In re Yell, 107 Mich. 228, 65 N. W. 97; Latshaw v. State, 156 Ind. 194, 59 N. W. 471; Express v. Commonwealth, 92 Va. 59, 22 S. E. 809, 41 L. R. A. 436), sec-

tion 4763, R. L. 1905, fully covers the subject and supplies the defect. A maximum penalty for all misdemeanors is there prescribed. It is therefore clear that the statute in question is not open to the objection urged against it. The punishment imposed in this case was within the terms of section 4763.

2. One of the principal witnesses for the state stated on cross-examination by defendant's counsel that he was unfriendly to defendant, whereupon the state, over defendant's objection and exception, attempted on redirect examination to elicit the cause of his adverse feeling. It is contended that the ruling of the court permitting this was reversible error. It is undoubtedly elementary, as urged by counsel, that while it is entirely proper to interrogate an adverse witness concerning his unfriendliness to one of the parties (State v. Dee, 14 Minn. 27 [35]), it is not permissible for the party calling such witness to draw out a detailed statement of the reasons for his attitude (8 Enc. Pl. & Pr. 128; State v. Stevens, 16 So. D. 309, 92 N. W. 420; Buel v. State, 104 Wis. 132, 80 N. W. 78). The reason for the rule excluding explanations is the danger of dragging before the jury irrelevant matters derogatory of the general character of the party toward whom the unfriendly feeling exists, thus prejudicing the minds of the jury and confusing the issues on trial. State v. Gregory, 33 La. An. 737. The reason applies with special force in criminal prosecutions, where the state has no right, until the door is opened by defendant, to assail his general character.

But in the case at bar, though there was technical error in permitting the witness to state the cause of his adverse feeling, nothing was developed at all derogatory of the character of defendant, or which reflected in the least upon his reputation as a citizen. The reason given by the witness for his attitude was the "manner in which the defendant conducted himself," the particulars with reference to which were not given, and the fact that defendant had previously brought suit against the witness and other citizens of Ortonville. Beyond this the trial court did not permit the examination to proceed. So, conceding the rule referred to and its technical violation, defendant was in no way prejudiced thereby. The

testimony called out in no way improperly influenced the jury in arriving at their verdict, and was harmless.

3. Nor was there any error in the rulings of the court on the subject of the cross-examination of defendant when on the stand as a witness. As a witness defendant was subject to the rule governing the examination and cross-examination of other witnesses, and we discover no violation thereof in the record before us.

There is a limit, of course, to the right of cross-examination in criminal as well as in civil procedure. It should not be extended minutely into the private affairs and life of the witness, nor matters brought out in a criminal case for the purpose of showing the commission of some crime other than that on trial. His conviction of other crimes may be shown, and he may be interrogated as to the fact of the conviction; but it is not proper to drag from him evidence of guilt. We have never adopted the rule, in force in some of the states, under which the cross-examination of defendant in a criminal case is limited to matters brought out on the direct examination (8 Enc. Pl. & Pr. 102), but have applied to him the general rule applicable to all witnesses (Dunnell, Minn. Pr. 722; State v. Quirk, 101 Minn. 334, 112 N. W. 409). Under that rule the extent to which the cross-examination may go for the purpose of testing his credibility rests in the discretion of the trial court.

We discover in the record before us no abuse of discretion. On the contrary, we are impressed that the learned trial court very properly checked all efforts of the state to extend the cross-examination beyond legitimate limits.

4. All other assignments of error have been considered, with the result that no prejudicial or reversible error is disclosed by the record. The evidence sustains the verdict, and the order denying a new trial is affirmed.

Order affirmed.