# TOWN OF WELLS v. STEPHEN A. SULLIVAN.[1]

November 22, 1912.

Nos. 17,741—(80).

**Error to receive evidence.**

> Where a witness on cross-examination admits that he is not friendly to one of the parties, it is not proper on redirect examination to show by him why he was unfriendly. *Held*, upon the facts disclosed by the record herein, that the admission of such evidence was reversible error.

Action in the district court for Rice county for an injunction restraining defendant from in any way interfering with the free use of a certain highway. The case was tried before Childress, J., who submitted to a jury the question whether there was a road at the *locus in quo*, made findings, and as conclusion of law ordered judgment in favor of plaintiff, making permanent the temporary injunction theretofore issued. From an order denying defendant's motion for a new trial, he appealed. Reversed:

*Anson L. Keyes*, for appellant.

*E. H. Gipson*, for respondent.

START, C. J.

This action was brought in the district court of the county of Rice to enjoin the defendant from obstructing an alleged highway over his land. A controlling issue on the trial of the case was whether there was a public road at the *locus in quo*. This question was submitted to a jury, and a verdict returned that there was such a highway. The other issues were determined by the trial judge in favor of the plaintiff, and judgment was ordered for it. Thereupon the defendant made a motion for a new trial on the ground of an alleged error of law committed on the trial, which was duly excepted to. The motion was denied, and the defendant appealed from the order denying his motion.

[1] Reported in 138 N. W. 305.

There is here no settled case containing all of the evidence, but a bill of exceptions showing the alleged error, and which contains, as certified by the trial judge, "all the evidence and proceedings necessary to explain it, and relevant to the matters therein objected to, or relevant to said matters."

It appears from the record that no legal proceedings were ever had in reference to the laying out of the alleged highway, and that, if in fact the *locus in quo* was a public highway, it was such by reason of a dedication thereof by the owner of the land. The plaintiff called a witness, Peter Orth, who gave material testimony tending to show such a dedication. On his cross-examination he was asked as to his feeling toward the defendant, whether it was friendly or not. The witness answered: "I don't like his way of dealing; that is all the feeling." On his redirect examination he was asked and permitted to answer, over the objection and exception of the defendant, a question as follows:

"Q. If your feeling is unfriendly, why is it unfriendly?"

"A. I can do it in five minutes. It is about 1903 he owed me some money. Well, I was trying to get the interest from him. I got some the second year, and that was all I got in six or seven years. Well, the thing went on. I used to send him letters, and I used to go to his house. I watched every time he came to town. He would slip out on the road when he noticed me coming. Well, I didn't get nothing out of him at all. I gave the notes to the bank. He didn't pay any attention to the bank. When it was getting a long delay, I gave it— I gave it to a lawyer, with object to begin action against him. That was two years ago last spring. Well, the next thing, I think, the statement that he made that he didn't owe me a dollar; that he had every dollar paid, and the last payment was made, and he had witnesses and he paid it the last time. He didn't have it paid. I had the note, and he had no receipt, and still he had the nerve to say he had paid every dollar. At the last term of court I got a judgment against him for over $400. He never appeared; at last I had to sue him to get the money out of him."

The trial court gave the defendant permission to make his statement as to this matter; but he made none, nor was the witness cross-examined as to his testimony given in response to the question objected to. The defendant, as a witness on his own behalf, gave competent and material testimony tending to show that the *locus in quo* was not a public highway, by dedication or otherwise. The ruling of the trial court in receiving the testimony objected to is the only question presented by the record for our decision. The ruling was clearly erroneous; but the question here is: Was it prejudicial error? State v. Kight, 106 Minn. 371, 119 N. W. 56. The evidence objected to and received was of a character naturally and obviously tending to prejudice the jury against the defendant, and discredit him and his testimony. The ruling was, therefore, reversible error, unless it appears from the record that it did not prejudice the substantial rights of the defendant.

It is urged in effect by respondent in this connection that, inasmuch as the record does not purport to contain all of the evidence given on the trial, there being no settled case, it must be presumed that the error, if any, was harmless. This is not a correct statement of the law. See 2 Dunnell, Minn. Digest, § 7180. But, were it otherwise, it would not be applicable to this case; for the court's certificate to the bill of exceptions negatives any presumption that there was any evidence other than as therein stated. The bill of exceptions is sufficient to present the question whether the error was prejudicial. The record shows that the testimony of the witness Orth and that of the defendant as to the vital issue in the case, the dedication of the alleged public way, was conflicting, and that the natural tendency of the evidence erroneously received was to prejudice the substantial rights of the defendant. While a new trial for the erroneous admission of evidence should be granted with caution, and in no civil case where it fairly appears that the error was not prejudicial to the substantial rights of the appellant, yet we are constrained to hold upon the record in this case that the admission of the evidence complained of was reversible error.

Order reversed, and a new trial granted.