## PROCEEDINGS UNDER A CHARGE OF CONTRIBUTING TO DELINQUENCY.

Court of Appeals for Hamilton County.

WILLIAM WALTON, ALIAS HOP, v. STATE OF OHIO; AND HERMAN BREINER v. STATE OF OHIO.

Decided, April 10, 1914.

*Juvenile Delinquency—Defendant May Verbally Waive Trial by Jury —Sufficiency of Affidavits—Imprisonment in Work House.*

1. A jury may be waived by a defendant in the juvenile court, and where he elects so to do it is not necessary that the waiver be in writing.

2. It is not necessary that the negative averments of Section 1642, General Code, relating to jurisdiction over and with respect to delinquent and dependent and neglected minors, shall be incorporated in the affidavits under which arrests are made.

3. It is not error to sentence to the work house one found guilty of contributing to the delinquency of a minor under the age of seventeen years.

*James S. Myers* and *E. J. Franks,* for Walton.

*Powell & Smiley,* for Breiner.

*Thomas L. Pogue,* Prosecuting Attorney, and *A. J. Zanone,* Assistant Prosecuting Attorney, contra.

JONES, E. H., J.; SWING, J., and JONES, O. B., J., concur.

The plaintiffs in error were tried and convicted in the juvenile court for contributing to the delinquency of a girl named Mary Iding, who at the time is alleged to have been fifteen years of age.

The affidavits charge an offense defined by Section 1654 of the General Code, which provides:

"Whoever aids, abets, induces, causes, encourages or contributes towards the delinquency of a minor under the age of seventeen years, as herein defined, shall be fined not less than ten dollars nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both," etc.

The cases were tried by the court without the intervention of a jury, and each of the defendants upon conviction was sentenced to pay a fine of $200 and to imprisonment in the workhouse for a period of three months.

In support of their prayer for a reversal of the judgment below the following points are urged in argument:

1. That there was irregularity and illegality in the proceedings below in that there was no jury impaneled to try the issues raised by the pleas of "not guilty," and that the record does not show that the jury was waived in writing by the defendants.

2. That the negative averments of Section 1642 of the General Code are not contained in the affidavits upon which the arrests were made and conviction had.

3. That the sentence, in so far as it provides for imprisonment in the work house is illegal and without authority of law.

With reference to the matter of trial by jury, the judgment entry in the court below contains the following language:

"This day came into court, the prosecuting attorney, on behalf of the state of Ohio, as also the said defendant, William Walton, alias Hop, who, being duly arraigned at the bar of our court, and examined of and concerning the charge contained in the complaint herein, as to how he will acquit himself thereof, for plea thereto saith that he is not guilty, and *waives his right of trial by jury.*"

Section 1651 of the General Code, found in the chapter relating to the juvenile court, provides in part as follows:

"A person charged with being responsible for or with causing, aiding or contributing to the delinquency, dependency or neglect of a child, arrested or cited to appear before such court, at any time before hearing, may demand a trial by jury, or the judge upon his own motion may call a jury."

So we see that under the terms of the statute describing the mode of trial of this class of cases it is provided that the accused may waive the right of trial by jury. The records in these cases show affirmatively that this was done orally by each of the defendants. According to a long line of decisions in our state, dating from an early period in our jurisprudence, it has

been repeatedly held and is now well established that it is not necessary in the trial of a misdemeanor case under provisions of law similar to that above quoted that the jury be waived in writing. See *Dailey* v. *State of Ohio,* 4 O. S., 57:

"Section 42 of an 'act defining the jurisdiction and regulating the practice of probate courts' passed March 14, 1853, providing that 'upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the probate judge shall proceed to try the issue,' is a valid and constitutional enactment.

"A record showing that the accused 'did not demand a jury' sufficiently shows a waiver of the trial by jury."

Also, to the same effect, *Dillingham* v. *State,* 5 O. S., 280:

"The constitutional right of trial by jury is not infringed when the option is given to the accused to have the same issue tried by the court or the jury, and he submits the cause to the court."

And *Billingheimer* v. *State,* 32 O. S., 435:

"In a trial before the police court of Cincinnati for a violation of the statute forbidding common labor on the first day of the week (S. & S., 289), unless the record shows that defendant demanded a jury, he will be deemed to have waived it."

Under these and other decisions which might be cited it appears well settled that the waiver of a jury is not required to be in writing. The record showing affirmatively in the cases that the accused "waives his right to trial by jury" we find no error in this respect.

The second point, viz., as to the absence of negative averments in the affidavit, is answered by the second paragraph of the syllabus in *Billingheimer* v. *State, supra*:

"A negative averment to the matter of a proviso in a statute, is not requisite in an information, unless the matter of such proviso enters into and becomes a part of the description of the offense, or is a qualification of the language defining or creating it."

An examination of Section 1654, under which these affidavits were drawn and which defines and describes the offense charged,

shows an absence of any negative provisions. The negative provisions referred to by counsel are found in Section 1642, which section related to the matter of jurisdiction, and has nothing to do with the definition of this or any other offense, so that under the authority above cited it can not be claimed that it is necessary to embody the negative provisions of this latter section in an affidavit charging an offense under an entirely different section.

The third and last assignment of error related to the sentence imposed by the trial court. It is claimed that the court was without authority to sentence the plaintiffs in error to the workhouse. The statute under which they were arrested and convicted provides for a sentence of fine or imprisonment for not less than ten days nor more than one year or both.

Section 12370, General Code, defines the word "imprisoned" and provides as follows:

"In the interpretation of Part Fourth the word 'imprisoned,' where the context does not otherwise require, means imprisoned in the county jail if the maximum term prescribed for the offense is one year, and imprisoned in the penitentiary if the maximum term prescribed for the offense is longer than one year."

If this section has any application to the imprisonment provided for in Section 1654, such imprisonment must be in the county jail. It will be noticed, however, that the operation of Section 12370, by the language of the section, is limited to the term "imprisoned" as found in "Part Fourth." Section 1654 is not embodied in Part Fourth of the General Code, and it is doubtful whether Section 12370 has any application or can throw any light upon the meaning of the term "imprisoned" as found in Section 1654. But without any such aid to interpretation we are of the opinion that the imprisonment for one year provided for in the latter section means imprisonment in the county jail. If we are correct in this conclusion, then Section 4128 clothes the trial court with the authority to sentence offenders under Section 1654 to the workhouse.

"Section 4128. When a person over sixteen years of age is convicted of an offense under the law of the state or an ordinance

of a municipal corporation, and the tribunal before which the conviction is had *is authorized* by law to commit the offender to the county jail or corporation prison, the court, mayor, or justice of the peace, as the case may be, may sentence the offender to the work house, if there is such a house in the county."

The case of *Lemmon* v. *State*, 77 O. S., 427, is relied upon by counsel for plaintiffs in error as sustaining their contention upon this point, and from a superficial examination it would appear that the case is applicable and determinative. However, the section of the statute construed by the Supreme Court in the Lemmon case was amended within three months after the decision of the Supreme Court, and the obstacle in the way of sentence to the workhouse there pointed out was removed by the Legislature. This section, as it stood at the time of the decision in the Lemmon case contained the words "is directed" instead of the words "is authorized" appearing in italics above.

The reasoning of the court in the Lemmon case is to the effect that before a sentence to the work house can be legally imposed, it must appear that the section under which the sentence is imposed *directs* the court to imprison the convict in the county jail. The Lemmon case was a prosecution under the so-called Valentine anti-trust law, which law provided for a fine or imprisonment or both, as does Section 1654 in this case. The Supreme Court held that the imprisonment under this language was discretionary or optional with the court, and was not *"directed,"* and hence, the section now numbered 4128 as it then read, gave the court no authority to sentence to the work house. The change of the words "is directed" to "is authorized," it will be seen, removes this objection, and the decision in the Lemmon case is rendered ineffectual by the amendment referred to. The amended section we think clearly authorized a court having discretionary power to impose a sentence of fine or imprisonment or both (in case imprisonment is ordered), to provide said imprisonment be in a work house, in a county where a work house is located.

Having found, therefore, no error in the records, the judgments below are affirmed.