# CRIMINAL CASES

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### Robinson v. Commonwealth.

#### January 13, 1916.

#### Absent, Cardwell, J.

1. Criminal Law—*Intoxicating Liquors—Illegal Sale—Sale After Warrant Issued but Before Service.*—The function of a warrant or indictment for the unlawful sale of ardent spirits is merely to apprise the accused of the offense or offenses for which he is to be tried. On the warrant in the case at bar charging the defendant with an unlawful sale on the date of the warrant, the defendant was not prejudiced by proof of an unlawful sale on the date mentioned but after the issuance of the warrant and before its service, for he had full notice beforehand that he would be tried for such sale. The warrant charging the defendant with unlawful selling on the date mentioned was not notice of a single act but of all selling on that day, and sufficiently covers a sale made after the time of issuing the warrant. The defendant, furthermore, was not prejudiced by the fact that the warrant was issued though not served before the sale for which he was tried, for the reason that, under the broad powers given the judge of the trial court by section 4107 of the Code, on appeal from a justice of the peace, either to amend the old warrant or to issue a bench warrant, the court could have issued a warrant in the exact words of the warrant on which the defendant was tried, and no objection could have been made.

2. Evidence—*Testimony of Detectives—Weight—Policemen.*—It was not error for the trial court to refuse to instruct the jury that the testimony of a detective or one acting as such ought to be considered by the jury with more than ordinary caution under the facts of the case at bar. The testimony referred to by the instruction was that of a policeman who simply resorted to certain means to corroborate the testimony of one who had already proclaimed the offense, and the defendant was known to be an old offender.

50

    There is a clear distinction between policemen, who are public officials, and detectives, who are hired for the occasion. It is the duty of policemen to detect crime and bring the offender to justice, and the instruction requested was an unwarranted limitation upon the function of the jury to determine the weight to be given to the testimony of witnesses.

3.  Evidence—*Good Character of Accused—Presumption.*—It was not error for the trial court to refuse to instruct the jury in a criminal case that "in the absence of any evidence respecting the character of the defendant, he is presumed in law to be a man of good character, and it is the duty of the jury to give the defendant the benefit of that presumption." Good character becomes an issue when the defense voluntarily makes it so, and the State is permitted to disprove it only when so put in issue. It would be illogical to say that the defendant may by keeping silent obtain the benefits that come from good character, and yet by that same silence prevent the prosecution from inquiring into it. In the absence of any testimony on the subject of the good character of defendant, his character is not in issue, but is simply a nonexistent quantity in the evidence, and no inferences are to be drawn with reference to his character in one way or another.

Error to a judgment of the Corporation Court of the city of Danville.

                                    *Affirmed.*

The opinion states the case.

*B. H. Custer* and *Harry Wooding, Jr.,* for the plaintiff in error.

*Jno. Garland Pollard, Attorney-General,* and *C. B. Garnett, Assistant Attorney-General,* for the Commonwealth.

Harrison, J., delivered the opinion of the court.

The plaintiff in error, Lewis Robinson, was convicted of unlawfully selling ardent spirits on the 28th day of November, 1913, upon a warrant issued by the mayor of the city of Danville in the morning of that day. From the judgment of the mayor he appealed to the Corporation Court of Danville where

he was also found guilty and given a jail sentence of twelve months, and fined $200.    From the last-named judgment he brings his case to this court for review.

The record shows that at night, on the 28th of November, 1913, after the warrant was issued, but before it was served, the accused made a second unlawful sale of ardent spirits, and that thereupon the warrant was served, and the accused arrested. Upon the trial, the prisoner moved the court to require the Commonwealth to elect which of the two offenses committed on the 28th of November, that in the morning or that at night, he would rely upon for conviction.    This motion was granted and the Commonwealth elected to proceed upon the second offense committed at night.    Whether or not it was proper to require the Commonwealth to elect, for prosecution, between two unlawful sales made on the same day when the offense charged was unlawfully selling on that day, is a question as to which we need express no opinion as the ruling was in favor of the prisoner.

When the trial proceeded upon the night sale of the 28th of November, 1913, the prisoner moved the court to strike out all evidence of the unlawful sale at that time, because it took place after the warrant had been issued, but before it had been served; the contention being that evidence of an offense committed after the warrant was sworn out, although on the same day, was inadmissible and insufficient to sustain the warrant. The refusal of the court to grant this motion constitutes the first assignment of error.    In connection with this assignment of error it is also contended that the lower court erred in refusing to instruct the jury that they could not convict the defendant of selling ardent spirits after the warrant against him had been issued, and in lieu thereof telling the jury that they could not convict the defendant of selling ardent spirits after the date of the warrant.

A careful consideration of the Virginia cases involving

prosecutions for the unlawful sale of ardent spirits shows that the function of the warrant or indictment is merely to apprise the accused of the offense or offenses for which he is to be tried. A warrant cannot be made a blanket for all future offenses within its purview for the reason that it would be an indefensible lack of fairness to the accused, who should be notified for what offense or offenses he is to be tried. When, however, as in the present case, the warrant charges that the defendant "did unlawfully sell ardent spirits on November 28, 1913," this was not notice of a single sale, but notice of all selling on that day. So that the defendant had full notice that he would be tried for any unlawful sale made on the 28th of November, 1913, and was not, therefore, prejudiced by his conviction of such an offense committed on that day. Nor was he prejudiced by the fact that the warrant was issued, though not served, before the sale for which he was tried, for the reason that under the broad powers given the judge of the trial court (section 4107, Code, 1904), on an appeal from a justice of the peace, either to amend the old warrant or to issue a bench warrant, the court could have issued a warrant in the exact words of the warrant on which the defendant was being tried and no objection could have been made. This being so, why require the court to do the vain thing of copying the warrant before it, in order to obviate an objection purely technical in its nature, and without the slightest advantage to the accused.

It is further objected that the court erred in refusing to instruct the jury that the testimony of a detective, or one acting as such, ought to be considered by the jury with more than ordinary caution.

The facts are that a certain policeman of the city of Danville, seeing one Jeffries with a flask of whiskey, and learning from him that he had bought it from the accused, swore out a warrant, and in order to corroborate Jeffries, they sent him with a piece of marked money to purchase more whiskey from the

defendant in order that the offense of selling ardent spirits on that day might be conclusively established. This is not the case of hired detectives procuring an innocent person, by temptation, to commit a crime, but merely a means adopted by public officials to corroborate the testimony of one who had already proclaimed the offense. The police knew that the defendant was an old offender—in fact, the warrant which they swore out and under which they were acting, charged the defendant with having previously been convicted of selling liquor without a license. There is a clear distinction between policemen, who are public officials, and detectives, who are hired for the occasion. A wholly different situation is presented in the case of a municipal officer who is conscientiously performing his plain public duty to detect crime and bring the offender to justice. Under the facts of this case, the instruction imposed an unwarranted limitation upon the exclusive function of the jury.

This court has repeatedly held that the credibility of witnesses is strictly for the jury, and that to invade its province with instructions is error. *Hash's Case,* 88 Va. 172, 13 S. E. 398; *C. & O. Ry. Co.* v. *Rowsey,* 108 Va. 632, 62 S. E. 363; *Equitable Co.* v. *Kitts,* 109 Va. 105, 63 S. E. 455. The instruction under consideration has been held to have been properly refused in *State* v. *Bennett,* 40 S. C. 308, 18 S. E. 886; *Copeland* v. *State,* 36 Tex. Cr. R. 575, 38 S. W. 210; *Harmon* v. *State,* 8 Ala. App. 311, 62 South. 438; *People* v. *Newbold,* 260 Ill. 196, 103 N. E. 69.

The policy of refusing the instruction under consideration is shown in *People* v. *Shoemaker,* 131 Mich. 107, 90 N. W. 1035, where it was held not error in a criminal prosecution to charge as follows: "The police department is an important part of the machinery of our government, and it is well enough to bear in mind that your homes, your lives and your property would not be safe but for the police department and officers.

It does not follow that because an officer testifies in the court-room that his testimony is to be discarded or any suspicion cast upon it unless there is something about it which calls your attention to it."

It is further objected that the court erred in refusing an instruction telling the jury that, "in the absence of any evidence respecting the character of the defendant, he is presumed in law to be a man of good character and it is the duty of the jury to give the defendant the benefit of that presumption."

This instruction was properly refused. The weight of authority is to the effect that character is not in issue unless put there by the defendant. *Price's Case,* 21 Gratt. (62 Va.) 846, 868; *McDuffie* v. *State,* 55 Fla. 125, 46 South. 721.

In the last-named case it is said: "The defense requested an instruction limiting the testimony of the defendant himself as to previous convictions to the effect it might have upon his credibility as a witness. This instruction was faulty, however, in that it contained the idea that the defendant in a criminal case is presumed to be of good character. Good character becomes an issue only when the defense voluntarily makes it so, and the State is permitted to disprove it only when so put in issue. It would be wholly illogical to say that the defense may, by keeping silent, obtain the benefits that come from good character, and yet by that same silence prevent the prosecution from inquiring into it. There are authorities, especially federal cases, holding the converse, but we think the true rule is that laid down in *State* v. *O'Neal,* 29 N. C. 251, that 'no deduction results in law favorable or unfavorable to the character of an individual, charged by an indictment, from the fact that he has introduced no evidence to show he is a person of good character. The character, not appearing either good or bad, necessarily stands indifferent.' In commenting on *Mullen* v. *U. S.,* 106 Fed. 892 (46 C. C. A. 22), holding that good character is presumed, Professor Wigmore says: 'This incon-

sistently gave him the untrammelled benefit of evidence which if he had introduced might have been disputed. What really happens, or ought to, is that the defendant's character is simply a nonexistent quantity in the evidence.' 1 Wig. on Ev., sec. 290, note 2.''

The remaining assignments of error are so clearly without merit that it is not deemed necessary to consider them in detail.

Upon the whole case, we are of opinion that the defendant has had a fair trial, and his guilt has been clearly established. The judgment complained of must, therefore, be affirmed.

*Affirmed.*