# CRIMINAL CASES

## Wytheville.

### BRACY V. COMMONWEALTH.

June 8, 1916.

1. CRIMINAL LAW—*Presentment—Conclusion.*—A presentment for a misdemeanor need not conclude "against the peace and dignity of the Commonwealth." The constitutional requirement of such a conclusion applies only to indictments.

2. CRIMINAL LAW—*Confrontation by Witnesses—Documentary Evidence—Certificate of State Chemist—Constitutional Law.*—The statute making the certificate of the State chemist as to the amount of alcohol contained in a beverage, when signed and sworn to by him, evidence in all prosecutions under the revenue laws of this State does not violate the constitutional provision that in all prosecutions a man hath the right to be confronted with the accusers and witnesses. The constitutional provision was not intended to exclude proper documentary evidence, and the certificate is admissible under the documentary evidence rule as an exception to the hearsay rule.

3. CRIMINAL LAW—*Guilty Knowledge—When Unnecessary—Statutes.*—When a statute makes an act indictable irrespective of guilty knowledge, then ignorance of the fact is no defense to the indictment, but a matter to be urged in mitigation of the punishment.

4. CRIMINAL LAW—*Jury Trial—Fixing Punishment—Constitutional Law.*—The constitutional guaranty of a trial by jury is aimed at the trial of the question of the guilt or innocence of the accused, and not at the ascertainment of the punishment. The punishment may be fixed by the court, when allowed by the statute, subject only to the inhibition that it be not cruel or unusual.

5. CRIMINAL LAW—*Excessive Punishment—Addition of Jail Sentence by Court.*—The jail sentence of thirty days, in the case at bar, imposed by the court, under authority of the statute, in addition to the fine fixed by the jury, was not excessive nor a cruel and unusual punishment.

Error to a judgment of the Circuit Court of South-ampton county.

*Affirmed.*

The opinion states the case.

*J. N. Sebrell, Jr.*, for the plaintiff in error.

*John Garland Pollard, Attorney General*, and *C. B. Garnett, Assistant Attorney General*, for the Common-wealth.

HARRISON, J., delivered the opinion of the court.

This writ of error is to a judgment upon a verdict of a jury finding the plaintiff in error guilty of selling ardent spirits without a license, and fining him one hundred dollars; the court in its discretion, under section 27 of the Byrd law, adding, as further punishment, a jail sentence of thirty days.

Taking up the several objections to this judgment in the order adopted by counsel, we are of opinion that there was no error in the court's refusal to quash the presentment upon the ground that it did not conclude "against the peace and dignity of the Commonwealth." The Constitution requires that "indictments shall conclude, against the peace and dignity of the Common-wealth," but a presentment for a misdemeanor stands on different ground from an indictment for a felony; it not being required that the former shall conclude in like manner with indictments. Our statute for nearly seventy years has provided that "prosecutions for offenses shall be by presentment, indictment or in-formation." Code, sec. 3989.

In *Christian's Case*, 7 Gratt. (48 Va.) 631, the point was made that a presentment for a misdemeanor did

not conclude "against the peace and dignity of the Commonwealth," and, therefore, should be quashed, but the motion to quash on that ground was overruled.

We are further of opinion that the court did not err in admitting as evidence the certificate of the State chemist, showing an analysis of the beverage sold by the plaintiff in error.   The ground of objection to this action of the court is that it violates section 8 of the Constitution, which provides that, "in all criminal prosecutions a man hath the right to be confronted with the accusers and witnesses."

Section 24 of the Byrd law (Acts, 1906, p. 411) provides that the certificate in question, "when signed and sworn to by the State chemist, shall be evidence in all prosecutions under the revenue laws of this State."

In *Runde* v. *Commonwealth*, 108 Va. 873, 61 S. E. 792, this court says: "The provision of the bill of rights, guaranteeing the right of the accused in all criminal prosecutions to be confronted with the accusers and witnesses, has never been interpreted to exclude proper documentary evidence;" citing Bishop on Criminal Procedure (3d ed.), secs. 1132-1134.   In that case we held that section 34 of the Byrd law, in providing that the list of persons holding United States internal revenue tax receipts, when certified to by the internal revenue officer having charge of the same, should be deemed legal evidence in the courts of this Commonwealth, did not violate the provision of the bill of rights relied on.

There is no valid distinction between the present case and the *Runde Case*, so far as the admissibility of the certificate, as proper documentary evidence, is concerned.   The authorities show that where there is statutory authority for making a certificate by a public officer of acts which are within the scope of his duty

as an officer, such a certificate is receivable under the documentary evidence rule as an exception to the hearsay rule. *Lederer* v. *Saake,* 166 Fed. 810; *Orne* v. *Marstow,* 175 Mass. 193, 55 N. E. 896, *Richards* v. *Bussell,* 70 Wash. 554, 127 Pac. 198; 124 Pac. 90; *Belford* v. *Scribner,* 144 U. S. 468, 12 Sup. Ct. 734, 36 L. Ed. 514; *Usher's Heirs* v. *Pride,* 15 Gratt. (56 Va.) 190. The statute in the instant case makes it the duty of the Commissioner of Agriculture to cause, at the request of certain State and local officers, to be analyzed any mixture supposed to contain alcohol and to return to the officer making the request a certificate showing such analysis; further providing that the certificate of the chemist, when signed and sworn to by him, shall be evidence in prosecutions under the revenue laws. The certificate here involved was given in pursuance of the statute mentioned and was admissible in evidence under the documentary evidence rule, as an exception to the hearsay rule, since the certificate was given by a public officer in accordance with the statute, of a fact which corresponds to his duty as such public officer and which is laid upon him by law.

We are further of opinion that the contention that the proof was not sufficient to show that the mixture analyzed was the same as that sold cannot be sustained. The evidence on that subject is, we think, amply sufficient to establish identity between the beverage sold and that analyzed. Nor is there any merit in the contention that the certificate was not in accordance with the statute.

We are further of opinion that the court did not err in refusing the instruction offered by the defendant. That instruction, in effect, made the conviction of the defendant depend upon the state of his belief in regard

to the character of the beverage sold by him, and upon his intention to violate the law. The offense for which the defendant was prosecuted in this case, being made indictable irrespective of guilty knowledge, or ignorance of fact, it is immaterial what his opinion was as to the intoxicating character of the beverage he was selling. If the defendant honestly believed that the beverage which he sold was of a kind which could lawfully be sold without a license, that was a matter to be urged upon the court, after conviction, in mitigation of sentence, but it was not a defense. *State* v. *Gill*, 98 Minn. 502, 95 N. W. 449; *O'Donnell's Case*, 108 Va. 882, 62 S. E. 373.

In Wharton's Criminal Law, vol. 1 (8th ed.), sec. 88, the doctrine on this subject is thus stated: "When a statute makes an act indictable irrespective of guilty knowledge, then ignorance of the fact is no defense."

The facts established by the evidence in the instant case show that the defendant had been compelled to take out a United States retail malt liquor dealer's license for the privilege of selling the beverage, the sale of which was involved in this prosecution. It further appears that even after the defendant had been informed that the analysis of the State chemist showed that the beverage he was selling contained 4.88% of alcohol he still persisted in its sale.

We are further of opinion that the imposition by the court upon the accused of a jail sentence of thirty days was not in violation of the Constitution. The punishment provided by section 27 of the Byrd law for the violation of its provisions is that the guilty party "shall be fined not less than fifty nor more than one hundred dollars for each offense, and in addition he may, in the discretion of the court, be imprisoned not more than sixty days." There can, therefore, be no

question that the action of the trial court in imposing the jail sentence of thirty days, was in accordance with the statute. But it is urged that the statute is unconstitutional, because the effect of it was to put the accused twice in jeopardy. We cannot accede to this view. The accused was tried by a jury and upon the facts adduced was found guilty. It seems to be generally conceded that the levy of punishment, when the accused is found guilty by the jury, can be left to the court, subject to the constitutional inhibition that the punishment shall not be cruel and unusual.

Nor do we think that there was, under the facts of this case, any abuse of judicial discretion in imposing the jail sentence. See the following adjudications in this and other jurisdictions, as showing that the punishment inflicted in the present case is not unconstitutional. *Canada's Case*, 12 Gratt. (53 Va.) 899; *Doyle's Case*, 100 Va, 806, 40 S. E. 925; *Fletcher's Case*, 106 Va. 840, 56 S. E. 149; *Robinson's Case*, 118 Va. 785, 87 S. E. 553; *Woods* v. *State*, 130 Tenn. 100, 169 S. W. 558, L. R. A. 1915 F, 531; *State* v. *Knight*, 106 Minn. 371, 119 N. W. 56; *Cardillo* v. *The People*, 26 Colo. 355, 58 Pac. 678; *State* v. *Foster*, 22 R. I. 163, 46 Atl. 833, 50 L. R. A. 339.

Upon the whole case we are of opinion that there is no reversible error in the judgment complained of and it must be affirmed.

*Affirmed.*