Marshall, C. J.
 

 Eugene W. Sheward was charged with the limited practice of medicine as a chiropractor without having a certificate from the state medical board, in violation of Section 12694, General Code, and was arraigned and tried before Charles R. Nearing, a justice of the peace of Center township, Wood county, Ohio. He demanded a jury trial, which demand was overruled, and thereupon the case proceeded to trial before the justice without a jury. Section 12694 makes such
 
 *569
 
 offense a misdemeanor punishable only by fine, not less than $25 nor more than $500 for the first offense. That section contains a further provision as follows:
 

 “A certificate signed by the secretary of the state medical board, to which is affixed the official seal of the said state medical board to the effect that it appears from the records of the state medical board that no such certificate to practice medicine or surgery, or any of its branches, in the state of Ohio, has been issued to any such person or persons specified therein, or that a certificate, if issued, has been revoked or suspended, shall be received as
 
 prima facie
 
 evidence of the record of such board in any court or before any officer of this state.”
 

 Pursuant to this provision, among other items of evidence, the state offered, and the justice received, over the objection of the accused, a certificate signed by the secretary of the state medical board, in the words and figures following:
 

 “State of Ohio.
 

 “The State Medical Board.
 

 “Columbus, Ohio, January 8, 1927.
 

 “This is to certify that I have this day carefully examined the records of the state medical board for the purpose of determining whether or not a certificate to practice medicine and surgery, or any of its branches, in the state of Ohio, has been issued to one E. W. Sheward, and that as a result of such examination I find that no such certificate has been issued. [Seal.] H. M. Platter, Secretary, State Medical Board, State of Ohio.”
 

 The trial took place January 25, 1927, and Sheward was found guilty and sentenced to pay a fine
 
 *570
 
 of $75 and costs. On March 3, 1927, Sheward, under leave of the Court of Appeals, filed a petition in error in that court, and on April
 
 4,
 
 1927, the Court of Appeals affirmed the conviction. Thereafter, on April 21, 1927, a petition in error as of right was filed in this court to reverse the judgments of the lower courts on the ground that constitutional questions were involved.
 

 The petition in error recites a large number of formal assignments of error, but only two grounds really appear, and only two points are stressed, in the brief of plaintiff in error: First, that the defendant below was deprived of a jury trial, though requesting it; second, that the justice of the peace erred' in admitting the certificate signed by the secretary of the state medical board over the objection of the defendant.
 

 On the first of these grounds plaintiff in error seems to have labored under a misapprehension. He had apparently found that section before it had been amended, when imprisonment was made a part of the penalty. During the period laid in the affidavit, and during the time when the offense was alleged to have been committed, imprisonment was no part of the penalty. The situation is therefore governed by the unbroken line of authorities in which
 
 Inwood
 
 v.
 
 State, 42
 
 Ohio St., 186,
 
 Hoffrichter
 
 v.
 
 State,
 
 102 Ohio St., 65, 130 N. E., 157, and
 
 Decker
 
 v.
 
 State,
 
 113 Ohio St., 512, 150 N. E., 74, are the leading cases.
 

 The second assignment of error relates to the admission of the certificate signed by the secretary of the state medical board. It is claimed that the admission of that certificate is a violation of Sec
 
 *571
 
 tion 10, Article I, of the Ohio Constitution, and Section 6 of the federal Bill of Bights. The federal Bill of Bights has no application whatever to state procedure; it having been held in a large number of cases decided by the Supreme Court of the United States that the first ten amendments to the federal Constitution, constituting a Bill of Bights, do not control, nor are they any limitation upon, the criminal procedure of the several states. This has also been held in this state in the cases of
 
 Prescott
 
 v.
 
 State,
 
 19 Ohio St., 184, 2 Am. Rep., 388, and
 
 Burke
 
 v.
 
 State,
 
 104 Ohio St., 220, 135 N. E., 644, where the federal authorities are cited, and again in
 
 Stockum
 
 v.
 
 State,
 
 106 Ohio St., 249, 139 N. E., 855.
 

 Let us next inquire whether the admission of that certificate violated Section 10 of Article I of the Ohio Constitution. In its pertinent parts that section reads:
 

 “In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witness face to face * * V’
 

 The specific claim is that the admission of the certificate denied the right of the accused to meet the witness face to face. The cases cited by plaintiff in error do not support his contention, but, when carefully analyzed, are clearly authorities in support of the contentions of the state. Inasmuch as a similar provision is found in the Sixth Amendment to the federal Constitution and that section has been the subject of discussion by the Supreme
 
 *572
 
 Court of the United States, it will be profitable to look to the discussion of that subject in that court.
 

 In the case of
 
 Robertson
 
 v.
 
 Baldwin,
 
 165 U. S., 275, 17 S. Ct., 326, 41 L. Ed., 715, it is briefly stated that a transcript of the testimony used in a former trial of a case may be used in a subsequent trial of the same case, where the witness has died since the former trial, and it is further stated that the admission of dying declarations also constitutes an exception to the constitutional provision. In
 
 Mattox
 
 v.
 
 United States,
 
 156 U. S., 237, 15 S. Ct., 337, 39 L. Ed., 409, an elaborate discussion of this section is found. The conclusion reached is that the right to meet a witness face to face is to be reasonably interpreted and applied, and that experience has established the necessity for certain well-defined exceptions to it. That court further points out that the guaranties of the federal Constitution secured to the individual the rights he had theretofore possessed as a British subject, and such as his ancestors had received and defended since the days of Magna Charta. It is further stated that many of the provisions of the Bill of Bights are subject to exceptions which were recognized long, before the adoption of the Constitution, and not at all interfering with its spirit, and that such exceptions were obviously intended to be respected. Mr. Justice Brown states that:
 

 “A technical adherence to the letter of a constitutional provision may occasionally be carried farther than is necessary to the just protection of the accused, and farther than the safety of the public will warrant.”
 

 It is then pointed out that dying declarations are a well-established exception to the right to meet a
 
 *573
 
 witness face to face. Again it is stated that, where the accused has faced the witness at a former trial and subjected him to the ordeal of cross-examination, the substance of the constitutional protection is preserved.
 

 The important consideration upon this feature of the instant case is whether or not the introduction of this certificate under favor of Section 12694 comes within the limitations of Section 10 of Article I of the Ohio Constitution, or whether it constitutes one of the exceptions to the strict application of that rule. It is well established at common law that many forms of documentary evidence, and especially public records, constitute an exception to the rule against hearsay evidence. Abundance of authority is found for the position that original records are competent, and there is abundant authority upholding statutory provisions making duly authenticated copies competent. This prin-ciple has been freely applied in criminal cases where there is a law making a certain paper a public record, and in such case an authenticated copy is also admissible if a statute so provides. The instant case does not come clearly within that principle, because the certificate offered in evidence in this case was not an authenticated copy of a public record. On the contrary, it is a certificate setting forth what the record does not show. The certificate is in strict compliance with the statute, and, if the statute is valid, the evidence is competent. While there is abundance of authority declaring a certified copy of a record, required by law to be kept, to be admissible even in a criminal case, there is a dearth of authority upon the question of the admissibility of a certificate setting
 
 *574
 
 forth, not the record itself, but what the record contains or does not contain. The certificate in this case is the expression of the research of the officer having custody of records, relative to a record required by law to be kept. We find only one case directly in point, viz.
 
 Bracy
 
 v.
 
 Commonwealth,
 
 119 Va., 867, 89 S. E., 144. The Constitution of Virginia enjoins that:
 

 “In all criminal prosecutions a man hath a right * * * to be confronted with the accusers and witnesses.” Const. 1902, Section 8.
 

 The statute provided that the certificate of the state chemist showing an analysis of a mixture supposed to contain alcohol, and sworn to by him, shall be evidence in all prosecutions under the revenue laws. The court held that, inasmuch as the public officer was authorized to make a certificate of acts within the scope of his official duties, the certificate is receivable under the documentary evidence rule. The opinion in that case quoted with approval Bishop on Criminal Procedure (3d Ed.), Sections 1132-1134, as follows:
 

 “The provision of the Bill of Rights, guaranteeing the right of the accused in all criminal prosecutions to be confronted with the accusers and witnesses, has never been interpreted to exclude proper documentary evidence.”
 

 The certificate in this case does not come strictly within the injunctions of Section 10 of Article I, because documentary evidence is essentially different from a witness appearing to testify in open court. A public document is not subject to impeachment by the ordinary methods of cross-examination of a witness. It is not discredited by the unfavorable appearance and attitude of a wit
 
 *575
 
 ness. It speaks for itself. Any public record as a rule can be impeached by testimony showing that the record does not speak the truth, or the witness who certifies .it can be contradicted as not having made a true copy, or defensive evidence is admissible to show that it is not in fact a true copy of thp public record. Tn thp instant oa,sp thp defendant could not have been prejudiced, because he knew whether or not he held a certificate, and he could easily have destroyed the effect of the certificate by producing a certificate if he had one. The right of an accused person to test the recollection or to search the conscience of a witness, or to compel him to stand face to face to the jury in order that they may observe his expression and demeanor and the manner in which he gives his testimony, and thereby to judge his credibility, can have no practical application to public documents. We have therefore concluded that the statute is constitutional, and the evidence offered under favor of it admissible, and that the justice did not err in receiving it.
 

 Error was prosecuted in this ease direct from the justice of the peace to the Court of Appeals. The court is unanimously of the opinion that the judgment of the Court of Appeals must be reversed, because that court had no jurisdiction to entertain an error proceeding from a justice of the peace, upon the authority of the syllabus declared by the unanimous judgment of this court in
 
 State
 
 v.
 
 Allen, ante,
 
 470, this day decided.
 

 Judgment reversed.
 

 Day, Allen, Kinkade, Robinson, Jones and Mai thias, JJ., concur.