STATE, APPELLEE, *v.* WALKER, APPELLANT.

(No. 725—Decided May 4, 1959.)

*Mr. Bernard W. Freeman,* prosecuting attorney, for appellee.

*Messrs. Miller, Miller & Miller,* for appellant.

SMITH, J.   This is an appeal on questions of law from a judgment of the Juvenile Court of Huron County in which defendant was sentenced to pay a fine of $500 and confinement in the Toledo House of Correction for one year for violation of Section 2151.41, Revised Code, under penalty of Section 2151.99(A), Revised Code.

The defendant was arraigned, pleaded not guilty, was furnished a recognizance bond and was released from custody.   The record does not show notice given to defendant of the time of the trial but the court said he had been notified and counsel stated in argument to this court that notice by mail was given to the defendant.   Trial of the defendant in his absence was held on October 15, 1958.   At the outset of the trial, the record shows the following:

"The Court: Mr. Prosecutor, is the state ready to proceed?

"Mr. Freeman: (the prosecutor). We are.

"The Court: You don't know what became of the defendant?

"Mr. Freeman: I do not.

"The Court: We will proceed in the defendant's absence."

After the jury had been sworn on *voir dire* examination, the court addressed that body by way of explaining the proceeding and trial without the presence of the defendant, as follows:

"We are undertaking today to secure a jury to hear the case of the *State of Ohio* v. *Ralph Anthony Walker,* which is a criminal case. Since this case is a misdemeanor and the statute provides the court can proceed to try the case, whether the defendant shows up or not, the defendant has not so far appeared although he has been several times notified of the trial, he has not indicated he intends to appear for trial and we are proceeding."

The jury, after questioning on *voir dire,* was impanelled and the state presented its evidence. The court submitted the case to the jury. Upon its return to the courtroom, the record shows that defendant was present. After the clerk read the verdict, the court asked defendant whether he had anything to say why sentence should not be pronounced at that time, to which defendant answered "No."

The assignments of error made by defendant-appellant are:

1. The court erred in the premises in ordering the accused to be tried in the accused's absence.

2. Judgment is against the weight of the evidence and is contrary thereto.

3. The trial judge did not conduct the trial in conformity with the law.

Comment is unnecessary as to assignment of error No. 2, because this court holds the assignments of error numbered 1 and 3 are well taken, requiring a new trial in this case.

The court erred to the prejudice of the defendant in conducting the trial in his absence. This procedure is in plain disregard of the provisions of Section 2945.12, Revised Code, as

to when accused may or may not be tried in his absence. That section reads as follows:

"A person indicted for a misdemeanor, upon request in writing subscribed by him and entered in the journal, may be tried in his absence by a jury or by the court. *No other person shall be tried unless personally present,* but if a person indicted escapes or forfeits his recognizance after the jury is sworn, the trial shall proceed and the verdict be received and recorded. If the offense charged is a misdemeanor, judgment and sentence shall be pronounced as if he were personally present. If the offense charged is a felony, the case shall be continued until the accused appears in court, or is retaken." (Italics for emphasis.)

The issue here to be determined is the legal authority for conducting summarily a criminal jury trial against defendant and therein adducing testimony of witnesses and considering other evidence, when defendant is not before the court. The record is silent as to the reason for or cause of defendant's absence at the trial and no request was made by defendant that he be tried in his absence by a jury. This court will not, therefore, indulge a presumption that defendant was voluntarily or involuntarily absent from the trial or infer a valid or lawful waiver, if any, of his legal right to be physically present at the trial.

The accused in this case was not indicted nor had he escaped or forfeited his bond. His trial should not proceed "unless personally present." Section 2945.12, Revised Code, we believe should be literally followed because of the mandate of Section 10, Article I of the Ohio Constitution, of which the pertinent part thereof reads as follows:

"* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; * * * to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf * * *."

To hold otherwise would be alien to our Constitution and the traditional ethos of our jurisprudence in the administration of justice. The defendant is charged with a serious offense for which he was sentenced to a year of imprisonment, coupled with

a fine of $500. Such an eventuality can not be effectuated in his absence and afford the accused a fair trial.

In 15 Ohio Jurisprudence (2d), 302, Section 70, it is said: "The Supreme Court, in the syllabus of a case decided in 1954, refers to the 'constitutional right of the accused to be present during the trial.'" *State* v. *Demma,* 161 Ohio St., 54, 117 N. E. (2d), 425. This court so held in *State* v. *Delzoppo,* 86 Ohio App., 381, 92 N. E. (2d), 410. It should be observed those two cases involved charges of felony.

While this is a misdemeanor case, the facts are not in the same category as those cases where an accused is charged under a statute which authorizes fine only for minor offenses and trivial breaches of the peace, and a summary conviction is had without intervention of a jury. *Inwood* v. *State,* 42 Ohio St., 186; *Hoffrichter* v. *State,* 102 Ohio St., 65, 130 N. E., 157; *Decker* v. *State,* 113 Ohio St., 512, 150 N. E., 74, 42 A. L. R., 1151; *Sheward* v. *State,* 117 Ohio St., 568, 159 N. E., 831; *Weimer* v. *State,* 118 Ohio St., 129, 160 N. E., 623.

However, in *Decker* v. *State, supra,* considering the history of Section 10, Article I of the Ohio Constitution, on page 521, it is said:

"We do not agree that the insertion of the provision as to jury trial was made with a view of limiting the preceding guaranties as to the right to appear and defend in person and with counsel, which had so definitely been attached to trials of every nature." (The word "every" now appearing "any.")

Counsel for the state contends that Section 2945.12, Revised Code, in the chapter on general criminal procedure has no application to the criminal procedure for trial of accused under Section 2151.43 *et seq.,* Revised Code, in the chapter on Juvenile Court (Procedure in Adult Cases). The contexts of the two statutes are not repugnant, inconsistent or conflicting. Counsel for the state, however, concedes in his brief that Section 2151.43 *et seq.,* Revised Code, is silent as to the proceedings to hear the cause in the absence of the accused. Wherever it is possible to do so, the court will construe acts of the General Assembly in harmony with constitutional provisions. It cannot be said that the Legislature intended to deny the defendant the right to be present at the trial. These sections are cognate

in their subject matter and should be construed and applied together.

In the legislative history of the subject matter, these sections have been considered together with reference to the right of trial by jury and sentence. *Walton* v. *State,* 3 Ohio App., 97. In 33 Ohio Jurisprudence (2d), 93, Section 71, on the subject of Juvenile Courts, it is said:

"In accordance with the rule applicable in criminal cases generally, a defendant being prosecuted in a Juvenile Court may waive a trial by jury, and * * * be tried by the court without a jury, and that such waiver by a defendant shall be in writing, signed by the defendant, and filed in the cause and made a part of the record thereof."

While not discussed in the case of *State* v. *Ausberry,* 83 Ohio App., 514, 82 N. E. (2d), 751, it is recognized that the general Criminal Procedure Code applies and is taken into consideration on the question of sentencing the defendant. In that case the defendant was charged under Section 1639-45, General Code, now Section 2151.41, Revised Code, and was sentenced in her absence. In the opinion it is stated, at pages 515 and 516:

"The record contained in the bill of exceptions, however, shows that the defendant was sentenced in her absence, and no claim is made that such was not the case. This being true, the mandatory provisions of Section 13451-1, General Code, were ignored and the judgment and sentence of the trial court must be set aside, and the case remanded to the trial court for resentence of the defendant * * *."

Section 13451-1, General Code, is now Section 2947.05, Revised Code.

We therefore conclude that the judgment of the Juvenile Court should be reversed and the cause remanded to that court for a new trial.

*Judgment reversed.*

Fess and Deeds, JJ., concur.